585 F.2d 1180
 99 L.R.R.M. (BNA) 3049, 84 Lab.Cas. P 10,896
 William TURNER, Plaintiff-Appellee,
v.
AIR TRANSPORT LODGE 1894 OF INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, and
International Association of Machinists
and Aerospace Workers,
AFL-CIO,
Defendants-
Appellants.
 No. 89, Docket 78-7212.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 25, 1978.
Decided Oct. 20, 1978.
 
 Kevin P. Quill, Long Island City, N. Y., for defendants-appellants.
 Burton H. Hall, New York City, for plaintiff-appellee.
 Before WATERMAN and MULLIGAN, Circuit Judges and WYATT, District Judge.*
 PER CURIAM:
 
 
 1
 This is an appeal by defendant unions "from the memorandum order entered in this action on March 31, 1978." The quotation is from the notice of appeal, which describes that order as having "directed reinstatement (of plaintiff) to union membership and which declared Article L § 3 of the International Association of Machinists & Aerospace Workers Constitution void."
 
 
 2
 Plaintiff Turner was a member of defendant Air Transport Lodge 1894 (the "Local union") which was affiliated with defendant International Association of Machinists and Aerospace Workers (the "International union"). He was expelled from the Local union on January 28, 1976.
 
 
 3
 This action was commenced in the United States District Court for the Eastern District of New York. It was brought under the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 401 and following; "LMRDA"). The relief prayed for was: (a) a permanent injunction against enforcing the expulsion of Turner, (b) a declaratory judgment that the expulsion of Turner is void, (c) a permanent injunction against infringement by defendants of the rights of Turner under LMRDA, (d) a declaratory judgment that Article L § 3 of the constitution of the International union is void to the extent specified, and (e) for attorney's fees, etc.
 
 
 4
 After answer, plaintiff moved for entry of judgment for the relief demanded in the complaint. The motion was said to be under Fed.R.Civ.P. 12(c), "judgment on the pleadings."Defendants then moved for summary judgment.
 
 
 5
 The two motions were heard by Judge Costantino, who on March 31, 1978 filed the "memorandum and order" from which this appeal is taken.
 
 
 6
 We have an initial difficulty with this appeal because we cannot tell from the record precisely what was the decision below. The terms of the decision have never been spelled out in a judgment nor is there a "separate document" containing a "judgment", as required by Fed.R.Civ.P. 58.
 
 
 7
 We recognize that the separate document requirement of Rule 58 can be waived and that absence of a judgment set forth in a separate document does not deprive this Court of jurisdiction of this appeal. Bankers Trust Co. v. Mallis, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). Until the Supreme Court thus recently spoke, most of the courts of appeals (differing with this Court) had concluded that a judgment on a separate document was a prerequisite to appellate jurisdiction. The decisions are cited in the Supreme Court's opinion (435 U.S. at 383 n.2, 98 S.Ct. at 1119).
 
 
 8
 While the separate document requirement may now be waived, we would not encourage the practice. We suggest that, where the District Court makes a decision intended to be "final" (28 U.S.C. § 1291), the better procedure is to set forth the decision in a separate document called a judgment (Fed.R.Civ.P. 58).
 
 
 9
 In the case at bar, we assume that the order of March 31, 1978, was intended to be a "final decision", but we cannot be sure.
 
 
 10
 In any event, we believe that the questions raised by this appeal can be more fully considered if the decision below is made explicit in a judgment. We assume that the District Court meant to grant the motion of plaintiff for judgment on the pleadings and to deny the motion of defendants for summary judgment, but this is nowhere stated. There is a direction in the nature of a mandatory injunction that "defendant" (by which the Local union must be intended) "reinstate" Turner. Nothing is said about any further injunctive relief; it may be that the District Court meant to deny any further such relief. The opinion refers to "that part" of the constitution of the International union which "served as the basis for plaintiff's expulsion from the union"; this "part", it is said, "must be declared void because it is vague and overbroad." The "part" of the constitution affected is not described with particularity, nor is it clear whether all other relief by way of declaratory judgment is to be denied.
 
 
 11
 Accordingly, we remand the action to the District Court for the prompt entry of a judgment embodying the decision of the two motions, containing the terms of the injunction granted, and declaring the rights and other legal relations of the parties to the extent such relief is granted. We direct that, after the judgment has been made and entered, the record on appeal, with the addition of the judgment, be promptly returned to this Court. We retain jurisdiction of the appeal for its disposition upon the return of the record. The mandate shall issue forthwith.
 
 
 
 *
 Inzer B. Wyatt, of the Southern District of New York, sitting by designation