## BANKERS TRUST CO. *v.* MALLIS ᴇᴛ ᴀʟ.

No. 76–1359.  Argued November 30, 1977—Decided March 28, 1978

*Jack H. Weiner* argued the cause for petitioner. With him on the briefs was *Charles Leeds.*

*Noel W. Hauser* argued the cause and filed a brief for respondents.

*John L. Warden* argued the cause and filed a brief for the New York Clearing House Assn. as *amicus curiae* urging reversal.

*Harvey L. Pitt* argued the cause for the Securities and Exchange Commission as *amicus curiae* urging affirmance. With him on the brief were *Solicitor General McCree, Paul Gonson, Jacob H. Stillman,* and *James E. Bowers.*

Per Curiam.

Respondents sued petitioner Bankers Trust Co. under § 10 (b) of the Securities Exchange Act of 1934, 48 Stat. 891, 15 U. S. C. § 78j (b) (1976 ed.), for allegedly fraudulent statements. The District Court for the Southern District of New York dismissed the action on the ground that the fraud alleged had not occurred "in connection with the purchase or sale" of a security, as required by § 10 (b). *Mallis* v. *Federal Deposit Ins. Corp.*, 407 F. Supp. 7 (1975). The Court of Appeals for the Second Circuit reversed, holding that respondents were "purchasers [of securities] by virtue of their acceptance of [a] pledge" of stock and that petitioner was "a seller by virtue of its release of [a] pledge." *Mallis* v. *Federal Deposit Ins. Corp.*, 568 F. 2d 824, 830 (1977). We granted certiorari to consider the correctness of these rulings of the Court of Appeals. 431 U. S. 928 (1977).

We find ourselves initially confronted, however, by a difficult question of federal appellate jurisdiction. As the Court of Appeals noted in its opinion, a search of the District Court record fails to uncover "any document that looks like a judgment." 568 F. 2d, at 827 n. 4. Because both the parties and the District Court "proceeded on the assumption that there was an adjudication of dismissal," *ibid.*,[1] the Court of Appeals felt free to consider the merits of the appeal. The Court of Appeals action, however, conflicts with the decisions of other Courts of Appeals concluding that a judgment set forth on a "separate document" is a prerequisite to appel-

---

[1] Respondents appealed from a combined opinion and order of the District Court dated September 30, 1975. In the relatively lengthy opinon, the District Court granted petitioner's motion to dismiss the claim for failure to state a federal claim upon which relief could be granted and then concluded: "Complaint dismissed in its entirety. So ORDERED." On the same day, an entry was made on the District Court docket reading, "Complaint dismissed in its entirety. So Ordered. Pollack, J. (mn)."

late jurisdiction.[2] We conclude that the Court of Appeals for the Second Circuit was correct in deciding that it had jurisdiction in this case despite the absence of a separate judgment.

Appellate jurisdiction was invoked under 28 U. S. C. § 1291, which provides that the "courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States." The issue posed is whether a decision of a district court can be a "final decision" for purposes of § 1291 if not set forth on a document separate from the opinion. The issue arises because of Fed. Rule Civ. Proc. 58, which reads in part:

> "Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79 (a)." [3]

---

[2] See, e. g., Lyons v. Davoren, 402 F. 2d 890 (CA1 1968); Sassoon v. United States, 549 F. 2d 983 (CA5 1977); Richland Trust Co. v. Federal Ins. Co., 480 F. 2d 1212 (CA6 1973); Home Fed. Sav. & Loan v. Republic Ins. Co., 405 F. 2d 18 (CA7 1968); Baity v. Ciccone, 507 F. 2d 717 (CA8 1974); Baker v. Southern Pac. Transp., 542 F. 2d 1123 (CA9 1976). But see W. G. Cosby Transfer & Storage Corp. v. Froehlke, 480 F. 2d 498, 501 n. 4 (CA4 1973).

[3] Rule 58 reads in its entirety:

"Subject to the provisions of Rule 54 (b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79 (a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course."

We assume, without deciding, that the requirements for an effective judgment set forth in the Federal Rules of Civil Procedure must generally be satisfied before § 1291 jurisdiction may be invoked.[4]   We nonetheless conclude that it could not have been intended that the separate-document requirement of Rule 58 be such a categorical imperative that the parties are not free to waive it.

The sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal under 28 U. S. C. § 2107 begins to run.[5] According to the Advisory Committee that drafted the 1963 amendment:

> "Hitherto some difficulty has arisen, chiefly where the court has written an opinion or memorandum containing some apparently directive or dispositive words, e. g., 'the plaintiff's motion [for summary judgment] is granted,' see United States v. F. & M. Schaefer Brewing Co., 356 U. S. 227, 229 . . . (1958).   Clerks on occasion have viewed these opinions or memoranda as being in themselves a

---

[4] A "judgment" for purposes of the Federal Rules of Civil Procedure would appear to be equivalent to a "final decision" as that term is used in 28 U. S. C. § 1291.   Federal Rule Civ. Proc. 54 (a), for example, provides that " '[j]udgment' as used in these rules includes a decree and any order from which an appeal lies."  See also *Ex parte Tiffany,* 252 U. S. 32, 36 (1920);  6A J. Moore, Federal Practice ¶ 58.02, pp. 51–52 (1972). Because Rule 58 provides that a "judgment is effective only . . . when entered as provided in Rule 79 (a)," it is arguable that a decision must be entered on the civil docket before it may constitute a "final decision" for purposes of § 1291.   Unlike the separate-document requirement, however, the keeping of a civil docket pursuant to Rule 79 fulfills a public recordkeeping function over and above the giving of notice to the losing party that a final decision has been entered against it.   A judgment of dismissal was entered in this case below.   See n. 1, *supra.*

[5] Section 2107 provides that "[e]xcept as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."   See also Fed. Rule App. Proc. 4 (a).

sufficient basis for entering judgment in the civil docket as provided by Rule 79 (a). However, where the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment, it has become a matter of doubt whether the purported entry of a judgment was effective, starting the time running for post verdict motions and for the purpose of appeal. . . .

"The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment." 28 U. S. C. App., p. 7824.

The separate-document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely. The 1963 amendment to Rule 58 made clear that a party need not file a notice of appeal until a separate judgment has been filed and entered. See *United States* v. *Indrelunas*, 411 U. S. 216, 220–222 (1973). Certainty as to timeliness, however, is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment. If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judgment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose.[6]

---

[6] Nor would strict compliance with the separate-judgment requirement aid in the court of appeals' determination of whether the decision of the District Court was "final" for purposes of § 1291. Even if a separate judgment is filed, the courts of appeals must still determine whether the

In *United States* v. *Indrelunas,* we recognized that the separate-document rule must be "mechanically applied" in determining whether an appeal is timely. *Id.,* at 221–222.[7] Technical application of the separate-judgment requirement is necessary in that context to avoid the uncertainties that once plagued the determination of when an appeal must be brought. Cf. *United States* v. *F. & M. Schaefer Brewing Co.,* 356 U. S. 227 (1958). The need for certainty as to the timeliness of an appeal, however, should not prevent the parties from waiving the separate-judgment requirement where one has accidentally not been entered. As Professor Moore notes, if the only obstacle to appellate review is the failure of the District Court to set forth its judgment on a separate document, "there would appear to be no point in obliging the appellant to undergo the formality of obtaining a formal judgment." 9 J. Moore, Federal Practice ¶ 110.08 [2], p. 120 n. 7 (1970). "[I]t must be remembered that the rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced. . . . The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss." *Id.,* at 119–120.

The Federal Rules of Civil Procedure are to be "construed

---

district court intended the judgment to represent the final decision in the case. Cf. *United States* v. *Hark,* 320 U. S. 531 (1944).

[7] While our decision in *Indrelunas* is consistent with the result we reach today, the beginning paragraph of *Indrelunas* could be read as holding that a separate judgment must be filed in compliance with Rule 58 before a decision is "final" for purposes of § 1291. In *Indrelunas,* we noted that since both parties conceded "that the jurisdiction of the Court of Appeals was based on the provisions of 28 U. S. C. § 1291, making final decisions of the district courts appealable, the correctness of the Court of Appeals' decision depends on whether the District Court's judgment of February 25, 1971, was a final decision. That question, in turn, depends on whether actions taken in the District Court previous to the February date amounted to the 'entry of judgment' as that term is used in Fed. Rule Civ. Proc. 58." 411 U. S., at 216. To the extent the above passage is inconsistent with our decision today, we disavow it.

to secure the just, speedy, and inexpensive determination of every action." In *Foman* v. *Davis,* 371 U. S. 178 (1962), this Court was asked to apply Rule 73 which, as then written, provided that an appeal was to be taken "by filing with the District Court a notice of appeal," which notice "shall designate the judgment or part thereof appealed from." Under Rule 73 it was clear that the filing of a notice of appeal was "jurisdictional," and the contents of the notice of appeal were prescribed in the Rule. This Court nonetheless held in *Foman* that a notice of appeal from a denial of motions to vacate a judgment and to amend the complaint was, in view of an earlier and premature notice of appeal, a notice of appeal from the original judgment.

> "The defect in the second notice of appeal did not mislead or prejudice the respondent. With both notices of appeal before it (even granting the asserted ineffectiveness of the first) the Court of Appeals should have treated the appeal from the denial of the motions as an effective, although inept, attempt to appeal from the judgment sought to be vacated." 371 U. S., at 181.

The same principles of common-sense interpretation that led the Court in *Foman* to conclude that the technical requirements for a notice of appeal were not mandatory where the notice "did not mislead or prejudice" the appellee demonstrate that parties to an appeal may waive the separate-judgment requirement of Rule 58. "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." 371 U. S., at 181.

Here, the District Court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case. A judgment of dismissal was recorded in the clerk's docket. And petitioner did not object to the taking of the appeal in the absence of a

separate judgment. Under these circumstances, the parties should be deemed to have waived the separate-judgment requirement of Rule 58, and the Court of Appeals properly assumed appellate jurisdiction under § 1291.

Although we conclude that the Court of Appeals did have appellate jurisdiction to pass on the merits of this case, we do not reach them. At oral argument, counsel for respondents took the position that "the mere release of a pledge is [not] a sale." Tr. of Oral Arg. 32. Counsel urged that the judgment of the Court of Appeals be affirmed on a theory which differed from the reasoning of the Court of Appeals in reversing the District Court. Because of the change in the posture of the case between the time of the decision of the Court of Appeals and its presentation to us for decision, we dismiss the writ of certiorari as having been improvidently granted.

*Dismissed.*

Mr. Justice Blackmun took no part in the consideration or decision of this case.