Norman P. CALHOUN,
Plaintiff-Appellant,

and

Viola E. Calhoun, Plaintiff,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 79–4777.

United States Court of Appeals,
Ninth Circuit.

May 14, 1981.

Norman P. Calhoun, Tulare, Cal., for plaintiff-appellant.

William B. Shubb, U. S. Atty., James E. White, Asst. U. S. Atty., Fresno, Cal., Gilbert E. Andrews, Robert L. Baker, Washington, D. C., for defendant-appellee.

Before HUG, SCHROEDER and NELSON, Circuit Judges.

HUG, Circuit Judge.

The only issue before this court at this time is the timeliness of Calhoun's appeal. This opinion arises in response to the United States' motion to dismiss Calhoun's appeal as untimely and to the court's sua sponte consideration of the requirements of Fed.R.App.P. 4(a)(4) and (6). For the reasons set forth below, we hold that the appeal was timely and deny the motion to dismiss.

*FACTS*

The facts relevant to our disposition of the motion begin with the date of entry of final judgment in this action, July 10, 1979.

Ten days later, on July 20, 1979, Calhoun served the United States with a motion to correct judgment. This motion was filed in the district court on July 23, 1979, a Monday.

On August 27, 1979, there was a hearing on Calhoun's post-judgment motion. A document entitled "Minutes of the Court" shows that proceedings were held on that date and that the "[m]otion [was] argued and ordered denied." This document was signed by the deputy clerk, is referenced as docket control number 190, but contains no filing or other stamp of the district court. The district court docket reflects the following notation:

8–27–79   prcdgs on hrng on pltfs motn for correction of judgment; Motion argued and ordered denied.

The docket gives no indication that notice of this action was mailed to the parties.

On November 2, 1979, Calhoun filed a notice of appeal from the "order" denying his motion for correction of judgment. Simultaneously, Calhoun also filed or attempted to file a motion for extension of time for filing the notice of appeal. Apparently, no action was taken on Calhoun's motion for extension of time and the motion continues to lie dormant in the district court file.

On March 2, 1981, the United States moved to dismiss the appeal on the ground it was not timely filed. The United States asserts that an order denying Calhoun's motion was entered on August 27, 1979 and that Calhoun's appeal should have been filed on October 26, 1979, at the latest, i. e., sixty days after the August 27, 1979 date.

*ANALYSIS*

## I

### Timeliness of Calhoun's Motion

As a preliminary matter, we must first consider whether Calhoun's motion for correction of judgment, which we treat as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e), was timely. *See Whittaker v. Whittaker Corp.*, 639 F.2d 516, 520 (9th Cir. 1981). We conclude it was.

Calhoun's Rule 59 motion was served 10 days after the date of entry of the final judgment. The motion was filed on the next court day, July 23, 1979, a Monday. Because the post-judgment motion was served within the 10-day period and was filed a "reasonable time" thereafter, the motion was timely. Fed.R.Civ.P. 59(e); Fed.R.Civ.P. 5(d); *Howell v. Marmpegaso Compania Naviera, S. A.*, 566 F.2d 992 (5th Cir. 1978); 6A *Moore's Federal Practice* ¶ 59.09[1] at 59–198 n.22 (2d ed.1980).

A timely Rule 59 motion suspends the time for filing a notice of appeal from the final judgment. *See Whittaker v. Whittaker Corp.*, 639 F.2d at 520. The time period in which to file an appeal commences anew from the date of the entry of an order denying the motion. Fed.R.App.P. 4(a)(4). Here the 60-day period applies because the United States is a party. Fed.R.App.P. 4(a)(1).

## II

### The Entry Requirement

Precise identification of the date on which an order or judgment was entered is necessary whenever the timeliness of an appeal to this court is at issue. The date of "entry" is the critical event from which to measure the timeliness of an appeal. Absent such entry, a party will not ordinarily be found to have exceeded any of the time periods set forth in Fed.R.App.P. 4(a). *See Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 688 & n.10 (4th Cir. 1978); *accord, Yaretsky v. Blum*, 592 F.2d 65, 66 (2d Cir. 1979).

A judgment or order is not entered within the meaning of Fed.R.App.P. 4(a)(1) or (4) unless it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure. Fed.R.App.P. 4(a)(6) expressly so provides.[1] Thus, we must deter-

---

1. Fed.R.App.P. 4(a)(6) provides:

A judgment or order is entered within the meaning of Rule 4(a) when it is entered in

mine whether the district court's disposition of the Rule 59 motion is contained in a separate order and whether any such order has been properly entered as provided for in Fed.R.Civ.P. 79(a). We conclude both elements are absent.

▆ The district court docket notation referencing a hearing on the motion does not show the filing and entry of a separate order, nor does the notation show that the district court clerk treated the referenced document as an order by immediately mailing notice of entry by mail upon the parties pursuant to the commands of Fed.R.Civ.P. p. 77(d). Further, nothing clearly shows the date the notation of the August 27, 1979 hearing was made on the docket. Thus, there has been insufficient compliance with the requirements of Fed.R.Civ.P. 79(a).[2] Having a reviewed the referenced document, "Minutes of the Court," we cannot conclude that that document constitutes a separate "order" disposing of the motion so as to comply with Fed.R.Civ.P. 58.[3]

In *Healy v. Pennsylvania R. Co.*, 181 F.2d 934 (3d Cir. 1950), *cert. denied*, 340 U.S. 935, 71 S.Ct. 490, 95 L.Ed. 674 (1951), the Third Circuit addressed the issue of what constitutes sufficient "entry" of an "order" denying a timely post-judgment motion. In that case the district court filed a memorandum opinion which concluded with the sentence, "The motions ... are denied." The docket "entry" read:

April 12, 1949. Memorandum Opinion * * * denying motion to set aside verdict or for new trial, filed.

The court held that this did not constitute compliance with the entry requirement.

Amended Rule 73(a) clearly contemplates both an order and its entry in the docket in connection with such motions, explicitly providing that the time for appeal shall " * * * be computed from the entry * * of orders * * *." No order was made or entered in this case. Nor was the memorandum differently treated by the Clerk of the District Court who entered it in the docket according to its tenor and title as an opinion and did not send out the notices required of him by Rule 77(d). Accordingly, there has been no effective disposition of the motions ....

*Id.* at 936 (footnotes omitted).

The provisions of Rule 4(a) track the provisions of Rule 73(a), now abrogated. Thus, *Healy* is persuasive authority that there was insufficient compliance here with Fed. R.Civ.P. 58 and 79(a).

Similarly, our holding is supported by the Fourth Circuit's decision in *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683 (4th Cir. 1978). In that case, the entry of the final judgment itself was defective. The notation on the docket sheet read:

9–30–76 Opinion and Order dated 9–26–79 dismissing these four cases for lack of subject matter jurisdiction. CIV. O. B. # 33, p. 18. Certified copies hereof mailed to counsel of record.

*Id.* at 689. The court determined that "this notation refers to the district court's ten-page opinion, as opposed to any separate judgment ...." *Id.* The court continued:

Most relevant, however, is the absence from the record on appeal of any "separate document" reflecting the judgments of dismissal apart from the memorandum itself; an order of dismissal tacked onto the end of an opinion, no matter how explicit, simply does not qualify as a separate document for purpose of evaluating

---

compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure.

2. Fed.R.Civ.P. 79(a) provides in pertinent part: All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the

substance of each order or judgment of the court and of the returns showing execution of process. The entry of an order or judgment shall show the date the entry is made.

3. Fed.R.Civ.P. 58 provides in pertinent part: Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

the timeliness of an appeal. While this line of analysis may seem pedantic, it is required by the command that the "separate document" provision of the rules be "mechanically applied" when a party's compliance with Rule 4(a) is questioned.

*Id.*

■ We similarly require mechanical compliance with the provisions of Fed.R. Civ.P. 58 and 79(a) in determining the timeliness of an appeal. As we have often said, the time for filing a notice of appeal is mandatory and jurisdictional. *See Whittaker v. Whittaker Corp.*, 639 F.2d at 520; *Rodriguez v. Southern Pacific Transportation Co.*, 587 F.2d 980, 981 (9th Cir. 1978). The time limits cannot be waived or expanded beyond the limits set forth in Fed.R. App.P. 4(a)(5) except under certain extreme and unusual circumstances. *See Harris Truck Lines, Inc. v. Cherry Meat Packers*, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962). For such a critical step in the appellate process as the filing of a notice of appeal, we will strictly enforce the requirement that there be a separate judgment or order and proper entry of the same before we will hold an appeal to be untimely.

### III

### Effect of the Notice of Appeal

We now turn to consideration of whether Calhoun's notice of appeal, filed on November 2, 1979, was a nullity because it was filed before entry of an order denying his Rule 59 motion. Resolution of this issue involves consideration of Fed.R.App.P. 4(a)(2) and (4).

Rule 4(a)(2) provides:

Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

This amendment was designed to avoid the loss of the right to appeal by the filing of a notice of appeal prematurely. Absent the "except as provided" language of Rule 4(a)(2), the notice of appeal in this case would clearly be timely, having been filed after announcement of the decision on August 27, 1979, although before formal entry of a separate order denying the motion.

■ Because of the "except as provided" language of Rule 4(a)(2), we must consider the requirements of Rule 4(a)(4), which provide:

If a timely motion . . . is filed . . ., the time for appeal shall run from the date of entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order . . . .

We hold that the word "disposition" means announcement of the court's decision on the motion. This interpretation does not defeat the purpose of amending the rule. There is no significant possibility that a premature filing of a notice of appeal is likely to involve wasted effort or that the notice of appeal would not embrace objections to the denial of the post-judgment motion. Once a decision is announced, under Rule 58, an order should be prepared and entry should summarily follow.

An interpretation of the word "disposition" as meaning "announcement" of a decision gives meaning to the policy of "exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon." *See Williams v. Town of Okoboji*, 599 F.2d 238, 239–40 (8th Cir. 1979), *quoting Markham v. Holt*, 369 F.2d 940, 942 (5th Cir. 1966); *see also Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 681 (9th Cir. 1980). So construed, Rule 4(a)(4) is consistent with the purpose of Rule 4(a)(2), making ineffective only those notices of appeal filed before "announcement of a decision or order."

A contrary interpretation of Rule 4(a)(4) is fraught with injustice. A party may believe that an order has been made and entered when a decision is announced or

filed and may act promptly to take an appeal, only to find that the order was actually entered a day or two later. If Rule 4(a)(4) is interpreted to mean that the filing of a notice of appeal is a nullity because filed before formal entry of an order and if the time for filing a motion for extension of time based on excusable neglect has run, *see* Fed.R.App.P. 4(a)(5), valuable rights may be lost because an important, but ministerial, act was not performed when expected.

 The distinctions between announcement of a decision, the filing of a judgment or order, and the entry of a judgment or order should not be utilized to create an abyss into which early appeals fall without effect. It would be contrary to the spirit of the rules to interpret the word "disposition" as meaning the date of a formal and proper entry of an order denying a post-judgment motion.[4] We therefore hold that the notice of appeal was not a nullity under Rule 4(a)(4).

### IV

#### Remand for Formal Entry

Lastly, we must consider whether it might be appropriate dismiss this appeal and remand the cause to the district court for formal entry of an order denying the Rule 59 motion. We conclude that neither dismissal nor even a limited remand is appropriate.

In *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), the Supreme Court held that parties could waive the separate judgment requirement of Rule 58. The Court determined that there were many cases where it would be senseless to require the appellant to return to the district court to obtain a separate document as a prerequisite to entertaining an appeal. An appellate court can properly assume jurisdiction to review a final judgment where: (1) the district court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case, (2) a judgment of dismissal was reflected in the clerk's docket, and (3) appellees did not object to the taking of the appeal in the absence of a separate judgment. *Id.* at 385, 98 S.Ct. at 1120.

Here the district court clearly evidenced its intent that the opinion and order from which an appeal was taken was the final decision. This decision is reflected in the "Minutes of the Court" and in the district court docket sheet. Appellee has not objected to the taking of the appeal in the absence of such an entry; appellee had only objected to the timeliness of the appeal, contending that entry occurred. *See Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d at 691. We hold that neither dismissal nor remand is necessary. *Id.*

Appellee's motion to dismiss is DENIED.

---

4. Rule 4(a) distinguishes between "entry" of a judgment or order and "disposition" or "announcement" of a decision or order. Entry is significant as the event from which the outer limits of the time within which to appeal is measured. Disposition or announcement of a decision or order is significant as the event which permits consideration of a notice of appeal filed thereafter but before such formal "entry."