FLETCHER, Circuit Judge:
Wood, et al., limited partners of The Brickyard (Wood) appeal the district court’s dismissal of their appeal from the bankruptcy court for lack of jurisdiction under Bankruptcy Rule 802.[1] We reverse the district court’s dismissal and remand for consideration of the merits of the appeal, including the issue of mootness raised by appellees the Walker-Pinkston Company (the Company) and amicus Crocker Bank (Crocker).
BACKGROUND
Wood filed an involuntary petition under Chapter 11 of the Bankruptcy Code against the Company, alleging breach of fiduciary duties and inability to meet obligations. The bankruptcy court dismissed the petition on the grounds that petitioners did not satisfy sections 303(b)(1) and 303(b)(2) of the Bankruptcy Code. 11 U.S.C. § 303(b)(1), (2) (1982). This appeal is not on the merits, but concerns only the validity of petitioners’ notices of appeal to the district court from the order of dismissal.
The bankruptcy court entered its order dismissing the petition on January 6, 1983. Wood made a timely motion to amend and the court heard the motion on February 16, 1983. The court denied the motion orally from the bench and ordered counsel for the Company to prepare a proposed order. On February 22, before the order was signed, filed, or served, petitioners filed a Notice of Appeal from the February 16 ruling. This was the first notice of appeal.
On February 25 counsel for the Company filed and allegedly served a proposed order. However, Wood’s counsel alleges she never received this order. On March 2, 1983, the order was entered, but, again, Wood’s counsel alleges that she did not receive a copy from the clerk. For the purposes of this appeal, we assume the allegations are true.
The time for filing an appeal expired on March 14, 1983. Fed.Bankr.R. 802; Fed.R. Civ.P. 6. On March 23, 1983, Wood’s counsel sent a proposed order to the district court, thinking that Company’s counsel had failed to do so. Two days later, Company’s counsel called petitioners’ counsel to inform him that an order had been entered. On March 30, 1983, petitioners filed a Notice of Appeal from the March 2 order. This was the second notice of appeal.
Wood asked for an extension of time to file the appeal on grounds of excusable neglect. The motion was denied on April 6, 1983. On April 8, 1983 petitioners filed a Notice of Appeal from the April 6 order. This was the third notice of appeal.
In dismissing for lack of jurisdiction, the district court held that the first notice of appeal was premature and that the bankruptcy court did not abuse its discretion in denying the motion for extension of time. Petitioners filed a timely notice of appeal to this court.
Amicus Crocker informs us that subsequent to the district court’s decision, the principal asset of the partnership, a shopping center, was sold because the district court’s stay expired when petitioners failed to post the required bond. Crocker urges us to dismiss the appeal on grounds of mootness.
DISCUSSION

I. Validity of First Notice of Appeal.

All parties agree that if this case were governed by the Federal Rules of Appellate Procedure, our decision in Calhoun v. United States, 647 F.2d 6 (9th Cir.1981), would require reversal. In Calhoun, we held that a notice of appeal filed before a judgment was filed, but after the judgment was announced, was valid under *1156 Appellate Rules 4(a)(2) and 4(a)(4). The case at hand, however, is governed by Bankruptcy Rule 802. Petitioners urge us to follow our construction of the appellate rules when construing the bankruptcy rule, citing Matter of Estate of Butler’s Tire & Battery Co., 592 F.2d 1028, 1031 (9th Cir.1979). Company argues that the rules are different and should be interpreted differently, citing 28 U.S.C. § 2107. The issue is one of first impression before any circuit court.
We can find no policy reason for not following the rationale of Calhoun and giving effect to the notice of appeal in this case. The only reported case to reach the issue has adopted this approach. See In re F.A. Potts & Co., 19 B.R. 663 (D.E.D.Pa.1982). In a similar situation, the First Circuit held that a notice of appeal to a Bankruptcy Appellate Panel was valid when filed after the bankruptcy court orally announced that its memorandum and order constituted its final judgment, even though a final judgment was never entered. In re Smith Corset Shops, Inc., 696 F.2d 971 (1st Cir.1982).
Federal Rule of Appellate Procedure 4(a)(2) provides:
(2) Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of a judgment or order shall be treated as filed after such entry and on the day thereof.
Fed.R.App.P. 4(a)(2). On the other hand, Rule 4(a)(4) provides that “[a] notice of appeal filed before the disposition of [a motion to amend the judgment] shall have no effect.” Fed.R.App.P. 4(a)(4).
We considered the interaction of these two rules in Calhoun, 647 F.2d 6, and held that “disposition” in Rule 4(a)(4) meant announcement of the court’s decision. Id. at 10. Thus, if this case were governed by the Federal Rules of Appellate Procedure, the first notice of appeal would be valid because it was filed after the announcement of the decision and would be treated as filed on the date of the judgment’s entry on the docket.[2]
Our court has found that “[b]ecause of [the] similarities between the two rules, cases construing the timeliness requirements of the general federal appellate rule are helpful in construing Rule 802.” Matter of Estate of Butler’s Tire & Battery Co., 592 F.2d 1028, 1031 (9th Cir.1979). See also In re Magouirk, 693 F.2d 948, 951 (9th Cir.1982); In re Branding Iron Steak House, 536 F.2d 299, 301 n. 1 (9th Cir.1976). We are persuaded that we should construe Bankruptcy Rule 802 in the same manner as we do Appellate Rule 4(a). The policies underlying the federal rules would not be advanced by a contrary result. The Supreme Court has recognized that “certainty as to timeliness ... is not advanced by holding that appellate jurisdiction does not exist ____ If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss.” Bankers Trust v. Mallis, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1977). See also Smith Corset, 696 F.2d at 975.
In this situation, however, the consequences are much more severe than in a case such as Smith Corset where a judgment was never entered. There, the only effect was delay because the case would be remanded for entry of final judgment. Here, as in Calhoun, “valuable rights [to appeal] may be lost because an important, but ministerial act, was not performed when expected.” Calhoun, 647 F.2d at 11 (emphasis added). Here, in contrast to Smith Corset, the time to appeal has expired and an appeal can never be had. Applying the Calhoun rule to the Bankruptcy context is consistent with the decisions of this circuit and the First Circuit and “gives meaning to the policy of ‘exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged not because something *1157 was done too late, but rather because it was done too soon.’ ” Calhoun, 647 F.2d at 10 (citing Williams v. Town of Okoboji, 599 F.2d 238, 239-40 (8th Cir.1979) (quoting Markham v. Holt, 369 F.2d 940, 942 (5th Cir.1966)).
Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) does not preclude continued reliance on Calhoun. In Griggs, the Supreme Court held that a notice of appeal is invalid if filed while a timely motion for reconsideration is pending because the district court and the appellate court should not consider simultaneously the same case at the risk of potentially inconsistent results and wasted judicial effort. Griggs, 103 S.Ct. at 402-03.
As we said in Calhoun, this concern evaporates if the decision has been announced. “There is no significant possibility that a premature filing of a notice of appeal is likely to involve wasted effort or that the notice of appeal would not embrace objections to the denial of the post-judgment motion. Once a decision is announced, under Rule 58, an order should be prepared and entry should summarily follow.” Calhoun, 647 F.2d at 10. We find the Calhoun holding consistent with the policies underlying Griggs. Thus, the only question remaining is' whether we should apply the Calhoun holding to the bankruptcy equivalent of Fed.R.App.P. 4(a).
The bankruptcy rule states that “the notice of appeal shall be filed with the referee within 10 days of the date of entry of the judgment or order appealed from.” Fed. Bankr.R. 802(a) (emphasis added). The same language is used in regard to a motion to amend the judgment. Fed.Bankr.R. 802(b).[3] The bankruptcy rule, although patterned after Fed.R.App.P. 4(a), differs in two significant respects: (1) no counterpart to rule 4(a)(2) (validating filing after announcement) exists — it has only the counterpart to 4(a)(4) (nullifying filing before entry); and (2) the rule does not speak of “disposition,” only “entry.” We do not find these differences persuasive in light of the precedents of this circuit, and the policies underlying the rules.
Company also urges that the language of 28 U.S.C. § 2107 (1982), “This section shall not apply to bankruptcy matters or other proceedings under Title 11,” (emphasis added) precludes the result we reach. Company’s argument is unpersuasive because this limitation applies only to section 2107 which sets the appeal period for appeals from district court to the court of appeals. The limiting language is intended to make clear that the ten-day appeal period of Bankruptcy Rule 802 applies rather than the thirty-sixty-ninety day limits set by section 2107 for appeals from district court to the court of appeals. It has no application beyond that section.[4]
Any other interpretation would be contrary to our holding in Butler’s Tire. Our position is consistent with the position of the Sixth Circuit, see In re LBL Sports Center, Inc., 684 F.2d 410, 412 n. 3 (6th Cir.1982), and the commentary to the Bankruptcy rules. See Advisory Committee Comments, U.S.C.A. Bankruptcy Rules 802 (West 1975).[5]
*1158 We hold that the first notice of appeal in this case is timely and is deemed filed on the date of entry of the final judgment.[6]
II. Mootness.
. . r, , Amicus Crocker Bank argues that this , . , , „ ,, , , . . appeal is moot because appellants pnnci-f , , . . ., pal, if not exclusive, purpose m tiling the f , , .... , . . . involuntary petition was to enjoin an immi- , „ , , r n i XT ,• i nent foreclosure sale by Crocker National ,, , .. „ ., , Bank. Crocker argues that the failure to , , , „ . .. , ,, , , post bond for a stay allowed the sale to go 7 , ,, . „ ,. , „, , , forward, citing Matter of Combined, Metal Reduction Co.. 557 F.2.1 179 (1977).
,, , Tí, ,l; * •, . , We agree that Woods failure to post x j n j j.1. i , r. jo bond allowed the sale to go forward. See Combined Metals, 557 F.2d at 188; In re Charlton, 708 F.2d 1449, 1454 (9th Cir.1983). However, Wood asserts that the lis : . . ,, , pendens recorded on the property pre1 . . . . , , ,, , , served the right to undo the sale under , tt tti California law. See Cal.Civ.Proc.Code c /TTT i c taoon § 409 (West Supp.1983). v '
Under California law, a lis pendens is required to contain a “notice of the pend-ency of the action.” Cal.Civ.Proc.Code § 409. An action is deemed pending until its final determination on appeal. Cal.Civ. Proc.Code § 1049. The lis pendens gives constructive notice not only of the facts apparent on the face of the pleadings in the action, but also all facts which could have been ascertained by proper inquiry. See In re Gurs, 27 B.R. 163, 165-66 (Bankr. 9th Cir.1983); West Investment Co. v. Moorhead, 120 Cal.App.2d 837, 262 P.2d 322 (1953); Olson v. Cornwell, 134 Cal.App. 419, 25 P.2d 879 (1933).
An examination of the pleadings in this case would have revealed not only the existence of this appeal, but also the failure of Woods to post bond as required by the , , 1 , J . district court and the subsequent expiration „ „ , ^ , , , _ , of the stay. Our cases state that a sale , ,, . , ,, made after the expiration of the stay can- , , , ' ,• , , , not be reversed. If the lis pendens had „ . ,, . force despite the expiration of the stay, the , ,,,,,, , . effect would be to allow an ex parte state , , , , , „ , , procedure to take precedence over federal bankruptcy law.[7]
As we recognized in Combined Met- , , ... . . . a/s, the practical necessities involved m a ’ „ f . ,. , successful reorganization require that un- , f , , H less an order of a bankruptcy judge or the J^tnct judge is stayed pending appeal, the trustee s acts m accordance with that order , ... , , . , , should not thereafter be subject to rever- . .... , . , ,, sal, even if the order is subsequently over- , , crr, T turned on appeal. 557 F.2d at 189. In . „, , view of the exclusive jurisdiction of federal courts over bankruptcy matters, we must S7ve preference to the bankruptcy procedures and hold that the lis pendens could ncd serve as a basis to undo the sale,
Nonetheless we cannot determine whether the case is moot. Wood argues that “[t]he partnership has other assets besides the shopping center and it has other creditors besides Crocker.” Crocker counters that the “exclusive asset” of the partnership was the shopping center. Neither party points to any facts in the record which support either statement, nor does *1159 our independent examination of the record illuminate the issue. The burden of proof is on the moving party to establish mootness. Neither Company nor Crocker have sustained that burden. All the cases cited by Crocker involved appeals from orders of sale of property, not appeals of the entire proceeding. In Combined Metals and in In re Royal Properties, 621 F.2d 984 (9th Cir.1980), the underlying proceedings continued undisturbed.

III. Conclusion.

We reverse the judgment of dismissal. The district court shall determine whether the case is moot. If not, it shall proceed to decide the case on the merits.
REVERSED and REMANDED.

. Unless otherwise noted, all citations to the Bankruptcy Rules herein shall be to the former rules, which were in effect when this case was appealed.

. Any other interpretation would create inconsistencies. All orders except those listed in 4(a)(4) could be appealed after announcement, but those mentioned in 4(a)(4) could be appealed only after filing.

. The new Bankruptcy Rule, however, does use the term "disposition." Fed.Bankr.R. 8002.

. Indeed, literally applied, Section 2107 would not even be applicable to direct appeals to the court of appeals under 28 U.S.C. § 1293. Yet, every appellate court that has considered this issue has held that Section 2107 applies to direct appeals in bankruptcy cases. See In re Shannon, 670 F.2d 904, 906 (10th Cir.1982); Andrews v. South Dakota Student Loan Assoc., 636 F.2d 233, 235-36 (8th Cir.1980). Cf. In re Adamo, 619 F.2d 216, 219 (2d Cir.), cert. denied, 449 U.S. 843, 101 S.Ct. 125, 66 L.Ed.2d 52 (1980).

. The company relies on the Bankruptcy Appellate Panel decision in In re Selma Pressure Treating Co., 23 B.R. 778, 779 (Bankr. 9th Cir.1982), to support its position. The panel did not consider the Supreme Court’s decision in Bankers Trust Co. v. Mallis, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1977). In Bankers Trust the Court held that when the district court clearly evidenced its intent and petitioner did not object to the absence of a separate judgment, the parties should be deemed to have waived the separate judgment requirement. 435 U.S. at 387-88, 98 S.Ct. at 1121-22.
See also In re Dahnken’s of Santa Barbara, Inc., 11 B.R. 536 (Bankr. 9th Cir.1981), a deci *1158 sion by a Bankruptcy Appellate Panel that errs in the opposite direction. We believe the approach taken by the First Circuit in In re Smith Corset Shops, Inc., 696 F.2d 971 (1st Cir.1982) is the most reasonable.

. In light of our holding that the first notice of appeal was valid, we need not reach the validity of the second notice of appeal and the denial of the motion to extend time on grounds of excusable neglect. However, see Rodgers v. Watt, 722 F.2d 456 (9th Cir.1983) (en banc).

. We are aware existence to remove the lis pendens under California law. Code of Civil Procedure section 409.1 provides for motions to expunge a lis pendens, see Cal. Civ.Proc.Code § 409.1 (West Supp.1983), and the bankruptcy judge retains jurisdiction to enter such an order. See In re Thatcher, 24 B.R. 764, 765-66 (Bankr.E.D.Cal.1982). Such a procedure is preferred and would have resolved the problems created by this case.
California law also contains bond provisions, but those provisions work in the opposite direction from the bond provisions of federal law. Under section 409.2 the party seeking the sale (the Company) must post bond to indemnify the party who recorded the lis pendens (Wood). See Cal.Civ.Proc.Code § 409.2 (West Supp.1983). T_ . . v T1. Here' however, the district court ordered Wood t0 provide a bond to indemnify the Company m order to preserve the stay on appeal.