764 F.2d 720
 2 Fed.R.Serv.3d 973
 TAYLOR RENTAL CORPORATION, Plaintiff/Appellee,
v.
Richard D. OAKLEY, D & L Rentals, a partnership, Solano D &
L Services, Inc., a California corporation, Esther
Oakley, Defendants,
and
Louis A. Humphrey and Frieda M. Humphrey, Defendants/Appellants.
 No. 84-2366.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 15, 1985.
Decided June 28, 1985.
 
 Robert W. Jarvis, Russell, Jarvis, Estabrook & Dashiell, Sacramento, Cal., for plaintiff/appellee.
 Peter M. Koutchis and Christopher P. Koutchis, Law Offices of Peter M. Koutchis, Sacramento, Cal., for defendants/appellants.
 Appeal from the United States District Court for the Eastern District of California.
 Before FLETCHER, BOOCHEVER and NORRIS, Circuit Judges.
 BOOCHEVER, Circuit Judge:
 
 
 1
 Defendants Louis and Freida Humphrey appeal the district court's judgment that they owe money to plaintiff Taylor Rental Corporation. We dismiss the appeal because it was not timely filed.
 
 I. Background
 
 2
 Taylor is a franchisor of businesses that rent equipment, furniture, and supplies. Louis Humphrey was a major shareholder of a corporation which operated two Taylor franchises. Both the Humphreys personally guaranteed the debts of one of these stores. When the two franchise agreements were terminated in 1980, the corporation disputed the amount of royalties still owing to Taylor under the agreements. Louis Humphrey and the other major shareholder of the franchisee corporation mailed two checks to Taylor in the amount they believed to be owing. The checks bore a legend purporting to release the corporation and its guarantors from all debts to Taylor upon Taylor's acceptance of the checks. Taylor, however, explicitly refused to accept the condition of the legend, cashed the checks, and brought suit for the remaining disputed amount. The other shareholder reached a settlement with Taylor. The district court held that the checks had not fully discharged the Humphreys' obligations and the Humphreys appealed.
 
 II. Timeliness of Appeal
 
 3
 On May 31, 1983, the district court entered its judgment that Taylor recover the disputed amount from the Humphreys. On June 10, 1983, the Humphreys filed motions for new trial pursuant to Fed.R.Civ.P. 59(a) and to amend the district court's findings of fact pursuant to Fed.R.Civ.P. 59(b). Those motions were denied on September 26, 1983.
 
 
 4
 The Humphreys did not file a notice of appeal until August 2, 1984. Unless that notice was filed "within 30 days after the date of entry of the judgment or order appealed from," the appeal is untimely and this court is without jurisdiction to hear it. Fed.R.App.P. 4(a)(1); Browder v. Director, Department of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). Appellants, however, argue that the order denying their post-trial motions was never properly "entered" and that there is therefore no date upon which the thirty-day appeal period began to run. As a result, they assert, their notice cannot be tardy.
 
 
 5
 In Calhoun v. United States, 647 F.2d 6 (9th Cir.1981), this court did hold that the appeal period had not started because the technical requirements for "entry" of judgment had not been met. We stated that "[a] judgment or order is not entered within the meaning of Fed.R.App.P. 4(a)(1) or (4) unless it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure." Id. at 8. Rule 58 requires that each judgment "be set forth on a separate document." Fed.R.Civ.P. 58; United States v. Indrelunas, 411 U.S. 216, 219-20, 93 S.Ct. 1562, 1564, 36 L.Ed.2d 202 (1973) (per curiam). Rule 79(a) requires the court clerk to maintain a civil docket and to make a chronological entry for each action taken by the court, including judgments and orders. Fed.R.Civ.P. 79(a); see also Calhoun, 647 F.2d at 9; Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 688-89 (4th Cir.1978). Because neither of these requirements was met, the Calhoun court held timely a notice of appeal filed seven days after what would otherwise have been the last day for filing.
 
 
 6
 Similarly, in the instant case, no separate document set forth the denial of the Humphreys' post-judgment motions, as required by Rule 58. There is, however, a critical difference between our case and Calhoun. The parties herein stipulated that the court need not issue a formal order denying the post-trial motions. The purpose of the separate document requirement is to avoid the inequity of a party being denied the opportunity to appeal because of failure to realize which of several actions by the court constituted "entry" of judgment. Bankers Trust Co. v. Mallis, 435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978) (per curiam). The requirement promotes certainty as to the time by which appeal must be noticed. See id.; Indrelunas, 411 U.S. at 220, 93 S.Ct. at 1564. The Humphreys, however, were fully aware even without a separate document, that the order had been entered against them. In an analogous situation, the Bankers Trust Court stated that "it could not have been intended that the separate-document requirement of Rule 58 be such a categorical imperative that the parties are not free to waive it." 435 U.S. at 384, 98 S.Ct. at 1119-1120. The Court held that because it would not advance "[c]ertainty as to timeliness," entry of a separate judgment would not be required before an appellate court could assume jurisdiction of a case. Id. at 385, 98 S.Ct. at 1120.
 
 
 7
 Furthermore, we note the perversity of the rule for which the Humphreys argue. Where the parties waive the separate document requirement, Bankers Trust does not require entry of a separate judgment before appeal can be taken. Yet, in the absence of such a judgment, appellants contend that any notice of appeal whenever filed would be timely. The Humphreys waited almost a year and would literally have an indefinite period within which to appeal. Such a rule is infected with precisely the type of uncertainty the separate-document requirement was designed to preclude and it creates an arbitrary trap for appellee's counsel who unwarily agrees to waive a formal order. We hold that when the Humphreys stipulated that no formal order be entered, they waived the separate-document requirement and the appeal period of Fed.R.App.P. 4(a) began to run when the Rule 59 motions were denied.[1] The appeal is therefore DISMISSED.
 
 
 
 [1]
 We recognize that on similar facts the Third Circuit reached the opposite conclusion. Gregson & Associates Architects v. Government of the Virgin Islands, 675 F.2d 589, 593 (3d Cir.1982) (per curiam). Appellant in Gregson believed that the district court's order of February 26 constituted a final judgment but nonetheless did not appeal until April 6. Id. at 591. Because a separate judgment had not been entered, however, the Third Circuit held that the appeal period never began to run and the appeal was timely. Id. at 593. The court believed that the separate-document requirement permitted no exceptions. Id. at 592-93. We do not read Indrelunas and Bankers Trust to forbid an exception which would further their goals of certainty and equitableness. In fact, the Bankers Trust Court explicitly held that where the parties had waived the separate-judgment requirement it would not be "mechanically applied." 435 U.S. at 386, 98 S.Ct. at 1120. In any event, we note that Gregson is distinguishable insofar as the absence of a separate document there was not attributable to a stipulation by the appellant