790 F.2d 47
 14 Collier Bankr.Cas.2d 1190, Bankr. L. Rep. P 71,142
David J. STELPFLUG and Shirley M. Stelpflug, Debtors-Appellants,
v.
FEDERAL LAND BANK OF ST. PAUL, Creditor-Appellee.
 No. 85-2198.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 22, 1986.
Decided May 13, 1986.
 
 Jeffrey P. White, P.C., Chicago, Ill., for debtors-appellants.
 Thomas H. Strakeljahn, Hoskins, Brown & Kalnins, Lancaster, Wis., for creditor-appellee.
 Before CUMMINGS, Chief Judge, BAUER and POSNER, Circuit Judges.
 PER CURIAM.
 
 
 1
 David and Shirley Stelpflug, the debtors-appellants, filed a notice of appeal in the bankruptcy court following that court's granting of a motion for abandonment and relief from stay to Federal Land Bank of St. Paul, the creditor-appellee. The bankruptcy court dismissed the appeal as untimely filed and the district court affirmed. On appeal before this Court, the appellants argue that the time for filing the notice of appeal has not yet begun to run since the bankruptcy court's judgment was never entered on the docket and thus their appeal could not have been untimely filed. For the reasons discussed below, we reverse the dismissal and remand to the district court with directions to the bankruptcy court for proper entry of judgment.
 
 I.
 
 2
 On November 30, 1984, the appellants filed for relief under Chapter 11 of the Bankruptcy Code. The appellee, which holds a first mortgage on the appellants' farm, sought abandonment and relief from stay in an application filed in the bankruptcy court on January 21, 1985. On March 11, 1985, the bankruptcy court granted the appellee's application and, on March 13, 1985, a proposed order to that effect was filed and entered on the docket.
 
 The March 13, 1985 entry reads:
 
 3
 3/13 37. Order granting Federal Land Bank's application for abandonment and relief from stay. mlf * * signed 3/15/85 * *
 
 
 4
 Although it is clear that the proposed order was entered on March 13, 1985, and signed on March 15, 1985, the date on which the notation "signed 3/15/85" was made is unclear.
 
 
 5
 The appellants filed a notice of appeal from this order in the bankruptcy court on March 28, 1985, more than ten days after the order was signed. The appellants filed no motion to extend the time for filing. On April 8, 1985, the appellee thus moved to dismiss the appeal as untimely filed. Following a hearing on April 23, 1985, the bankruptcy court granted appellee's motion to dismiss.
 
 
 6
 The appellants subsequently appealed the bankruptcy court's order dismissing their appeal to the district court. The district court affirmed the dismissal on June 28, 1985, and the appellants are now before this Court.
 
 II.
 
 7
 Bankruptcy Rule 8002(a), modeled after Rule 4(a) of the Federal Rules of Appellate Procedure, see Bankr.R. 8002(a), Notes of Advisory Committee on Rules, provides that "notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days from the entry of the judgment, order or decree appealed from." When entering an order on the docket, the clerk of the bankruptcy court is required to make a notation in the docket to show the date the entry was made, pursuant to Bankruptcy Rule 5003(a). The appellants argue that, because the clerk failed to indicate the date on which entry of judgment was made, there was no proper entry of judgment and thus the clock never started running. As in United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per curiam), here the "timeliness of [the] appeal ... turn[s] on the question of when judgment was entered." Id. at 219, 93 S.Ct. at 1563.
 
 
 8
 "It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional,' " Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 62, 103 S.Ct. 400, 402, 404, 74 L.Ed.2d 225 (1982) (citing Browder v. Director, Illinois Department of Corrections, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978)), and that "[j]urisdictional rules are designed to work in a mechanical fashion," Bailey v. Sharp, 782 F.2d 1366, 1368 (7th Cir.1986).[1]
 
 
 9
 "Entry" has a well defined meaning under the rules; it occurs only when the essentials of a judgment or order are set forth in a written document separate from the court's opinion or memorandum and when the substance of this separate document is reflected in an appropriate notation on the docket sheet assigned to the action....
 
 
 10
 Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 688 (4th Cir.1978) (emphasis in original). See also Duran v. Elrod, 713 F.2d 292, 294-95 (7th Cir.1983), cert. denied, 465 U.S. 1108, 104 S.Ct. 1615, 80 L.Ed.2d 143 (1984). When considering the necessity of a separate document in determining the timeliness of an appeal, the Supreme Court in United States v. Indrelunas, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), held that the requirement "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." Id. at 222, 93 S.Ct. at 1565. But see Bankers Trust Co. v. Mallis, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (parties may waive strict compliance with requirements of Fed.R.Civ.P. 58). See also C.I.T. Financial Service v. Yeomans, 710 F.2d 416 (7th Cir.1983) (absent clear showing of district court's adjudication, parties cannot waive separate document requirement); Parisie v. Greer, 705 F.2d 882 (7th Cir.) (Eschbach, J., opinion), cert. denied, 464 U.S. 918 and 950, 104 S.Ct. 284 and 366, 78 L.Ed.2d 261 and 326 (1983) (time for filing notice of appeal does not begin to run until separate judgment is filed and entered). The appellants here argue that the Court's reasoning in Indrelunas applies with equal force to the necessity of a properly dated entry of judgment on the docket sheet.
 
 
 11
 The appellee argues, on the other hand, that there was no need for the clerk to indicate the date of entry in this case because the order can be deemed entered on the day it was signed. In interpreting Rule 4(a)[2], however, the Ninth Circuit, in Calhoun v. United States, 647 F.2d 6 (9th Cir.1981), stated:
 
 
 12
 Precise identification of the date on which an order or judgment was entered is necessary whenever the timeliness of an appeal to this court is at issue. The date of "entry" is the critical event from which to measure the timeliness of an appeal. Absent such entry, a party will not ordinarily be found to have exceeded any of the time periods set forth in Fed.R.App.P. 4(a).
 
 
 13
 Id. at 8.
 
 
 14
 In Calhoun, the clerk had noted on the docket sheet that a hearing had been held on August 27, 1979, during which a motion was argued and ordered denied. The date on which this notation was made, however, was unclear since only the date of the hearing, and not the date of entry, was indicated. Moreover, there was no indication of the date on which notice of entry was mailed to the parties, as required by Rule 77(d) of the Federal Rules of Civil Procedure, and this, the court noted, indicated that the notation had not been treated as a final order. The court thus found the entry of judgment inadequate, holding that:
 
 
 15
 [f]or such a critical step in the appellate process as the filing of a notice of appeal, we will strictly enforce the requirement that there be ... proper entry of the [judgment] before we will hold an appeal untimely.
 
 
 16
 Id. at 10.
 
 
 17
 Absent the precise identification of the date of entry, the parties and the courts will remain uncertain as to the date upon which an appeal will become untimely. As Judge Easterbrook pointed out in his concurring opinion in Bailey v. Sharp, 782 F.2d 1366, 1369 (7th Cir.1986), the day an order is signed is not necessarily the day the appeal time begins to run. Id. at 1373 (Easterbrook, J., concurring). A judge may sign an order and then instruct the clerk to delay the entry of judgment. By deferring entry of judgment, the judge effectively extends the period during which a timely appeal may be filed. Id. See also Yaretsky v. Blum, 592 F.2d 65, 66 (2d Cir.1979), cert. denied, 450 U.S. 925, 101 S.Ct. 1379, 67 L.Ed.2d 355 (1981). Or it is conceivable that a busy clerk's office may not be able to enter every order on the docket sheet the same day that the order is signed. In the instant case, it is quite possible that the bankruptcy judge signed the order on Friday afternoon, March 15, 1985, and that the order was not entered on the docket until the following Monday morning, March 18, 1985. What actually occurred is unclear, however; the purpose of requiring the clerk to indicate the date of entry, pursuant to Rule 5003(a), is to avoid this type of speculation and "uncertain[ty] as to the date on which [the] judgment [was] entered."
 
 
 18
 Neither the bankruptcy court nor the district court were able to state explicitly that judgment was entered on March 15, 1985. During the bankruptcy court hearing, Judge Martin merely stated that he was "satisfied that normal procedures were followed in the entry and the distribution of the copy of the order;" that he had "no reason to believe that the notice of the signing of the order and the entry of the order was not adequate to the debtors so that they could appeal in a timely fashion;" and, that he found it "particularly important to note that in the notice of appeal filed by the debtors specific reference is made to the entry of the court's order on the 15th of March." These are not factors to be taken into account in determining whether an appeal is timely. See, e.g., Spika v. Village of Lombard, 763 F.2d 282 (7th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986). Since it is clear that there was a separate order here, the court should only have had to look at the date on which the order was entered on the docket to determine if the appeal was timely.
 
 
 19
 In its memorandum and order, the district court simply stated that "[t]he written order was docketed on March 13, 1985 and signed by Judge Martin on March 15, 1985." The court was careful not to specifically state that the order was entered on March 15, 1985.[3] The district court then went on to discuss the appellants' failure to show excusable neglect pursuant to Bankruptcy Rule 8002(c).
 
 
 20
 In applying a rule that is designed to work in a mechanical fashion, both courts erred in their "case-by-case tailoring" of the rule requiring proper entry of judgment. See Indrelunas, 411 U.S. at 221, 93 S.Ct. at 1565. Had the date of entry of March 15, 1985 been specifically identified on the docket, it would have been clear that the appellants' appeal was untimely filed. Since judgment has never been properly entered in this case, however, the time for filing a notice of appeal has not yet begun to run. Therefore, the appeal could not have been untimely. Appellants should not be penalized because of the failure of the bankruptcy court clerk's office to properly enter judgment. "The rule should be interpreted to prevent loss of the right to appeal, not to facilitate loss." Bankers Trust v. Mallis, 435 U.S. at 386, 98 S.Ct. at 1121 (quoting 9 J. MOORE, FEDERAL PRACTICE p 110.08, at 120 n. 7 (1970)). We therefore reverse and remand to the district court with directions to the bankruptcy court for proper entry of judgment. Appeal time will run therefrom.
 
 
 21
 REVERSED AND REMANDED.
 
 
 
 [1]
 The Advisory Committee for Fed.R.App.P. 4(a)(6) stated that, "[w]hile the requirement of Rule 48 [sic] is not jurisdictional, (see Bankers Trust Co. v. Mallis, 431 U.S. 928, 97 S.Ct. 2630, 53 L.Ed.2d 243 (1977)), compliance is important since the time for the filing of a notice of appeal by other parties is measured by the time at which the judgment is properly entered." "Mandatory preconditions to the exercise of jurisdiction are often spoken of as jurisdictional, however, in the sense that absent compliance, the court can acquire no jurisdiction of the cause...." 9 J. MOORE'S FEDERAL PRACTICE p 204.02, at 4-14 (1980). See also Sanchez v. Bd. of Regents of Texas Southern University, 625 F.2d 521, 522 n. 1 (5th Cir.1980)
 
 
 [2]
 Since Bankruptcy Rule 8002(a) is adopted from Rule 4(a) of the Federal Rules of Appellate Procedure, it is appropriate to look to judicial construction of Rule 4(a) in interpreting Rule 8002(a). See In re Smith Corset Shops, Inc., 696 F.2d 971, 975 (1st Cir.1982); In re Ferron, 35 B.R. 404, 405 (D.Nev.1983)
 
 
 [3]
 Neither party argues that the order was entered on March 13, 1985; it would be impossible for that to be the case since there was no separate order in existence until Judge Martin signed the order on March 15, 1985