**Larry WORTHINGTON, Roger Cameron, David Davey and Gerald Kent, Plaintiffs-Appellants, Cross-Appellees,**

v.

**ICICLE SEAFOODS, INC., a Washington corporation,        Defendant-Appellee, Cross-Appellant.**

Nos. 84–3647, 84–3669.

United States Court of Appeals, Ninth Circuit.

June 12, 1986.

Carlson F. Eller, Tacoma, Wash., for plaintiffs-appellants, cross-appellees.

Clemons H. Barnes, Eric Rosenquist, Graham & Dunn, Seattle, Wash., for defendant-appellee, cross-appellant.

ORDER

Before: WRIGHT, SNEED and ALARCON, Circuit Judges.

On a grant of certiorari from our opinion reported at 749 F.2d 1409, superseded by 774 F.2d 349 (9th Cir.1985), the Supreme Court has vacated that opinion and remanded for further proceedings. —— U.S. ——, 106 S.Ct. 1527, 89 L.Ed.2d 739. We erred. The judgment of the district court is affirmed. Let the mandate issue now.

**Shirley WOOD, et al., Plaintiffs-Appellants,**

v.

**COAST FRAME SUPPLY, INC., a California corporation; et al., Defendants-Appellees.**

No. 84–5826.

United States Court of Appeals, Ninth Circuit.

June 13, 1986.

Michael G. Portner, Tucker & Johnson, Los Angeles, Cal., for plaintiffs-appellants.

Matthew A. Hodel, Paul, Hastings, Janofsky & Walker, Costa Mesa, Cal., for defendants-appellees.

Before FLETCHER, PREGERSON and HALL, Circuit Judges.

ORDER

The previous order of this panel, 779 F.2d 1441 (9th Cir.1986), is hereby amended by inserting the following material before the final paragraph:

This is not a case in which the parties have waived the separate judgment rule of Fed.R.Civ.P. 58. In *Calhoun v. United States*, 647 F.2d 6 (9th Cir.1981), we held that an appellate court could properly assume jurisdiction absent compliance with the separate judgment rule when:

(1) the district court clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case, (2) a judgment of dismissal was reflected in the clerk's docket, and (3) appellees did not object to the taking of the appeal in the absence of a separate judgment.

*Id.* at 11 (citing *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978)). In this case the first and third elements outlined in *Calhoun* have not been met. Because of the district court's change of position after argument on February 13, 1984 it is unclear whether the district court intended the minute order to be a final resolution of this case, and Coast Frame has objected to the taking of this appeal without a separate judgment. Under these circumstances we lack jurisdiction over the Woods' appeal.