991 F.2d 804
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley J. TROHIMOVICH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-35050.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanley J. Trohimovich appeals pro se the district court's orders (1) dismissing his action pursuant to a permanent injunction entered in a previous action; and (2) denying his motion to vacate judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 On November 29, 1990, Trohimovich filed a complaint in district court alleging that officers or employees of the Internal Revenue Service ("IRS") unlawfully seized nineteen motor vehicles from the Grays Harbor Motors Family Estate, a family trust. The government moved to dismiss on the ground Trohimovich's action was barred by a permanent injunction entered in Clark v. McGovern, 77-1 USTC p 9207 (W.D.Wash.1976) (the "Clark injunction"). Under the Clark injunction, Trohimovich is
 
 
 4
 perpetually enjoined from commencing any lawsuit or other legal proceeding against any officer or employee of the [IRS], any federal attorney, or any federal judge, without prior leave of a judge of [the district], Court. ... Lawsuits and other legal proceedings barred by this injunction include any where a material allegation or necessary premise is that the Internal Revenue Code, or any part of it, violates the United States Constitution, or that the actions complained of are performed by an officer or employee of the [IRS] by a federal attorney or by a federal judge in the course of his official duties.
 
 
 5
 Id. The district court found that the Clark injunction remained in effect and granted the government's motion to dismiss.
 
 
 6
 We reject Trohimovich's contention that the Clark injunction does not apply in this case because he named the United States, and not an individual IRS officer or employee, as defendant. The complaint contains material allegations that show the actions Trohimovich complains of were taken by IRS officers or employees, federal attorneys, or federal judges in the course of their official duties. Thus, the mere fact that Trohimovich named only the United States as defendant does not bar application of the injunction.
 
 
 7
 We also reject Trohimovich's contention that the district court erred by relying on the Clark injunction because the district court in Clark never entered a separate judgment as required by Fed.R.Civ.P. 58. Trohimovich had an opportunity to appeal the Clark injunction to this court and has not suffered prejudice by the fact that a separate judgment was not entered.[1] Thus, because the separate judgment requirement is not jurisdictional, Trohimovich waived his right to require entry of a separate judgment in Clark. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 384-85 (1978) (per curiam).
 
 
 8
 Finally, we reject Trohimovich's contention that the district court's order is invalid because the dates on the judgment conflict. The original judgment was dated October 28, 1991 but was file-stamped October 25, 1991. This error was corrected, pursuant to Trohimovich's motion, so that the judgment now bears the file-stamped date October 28, 1991. Thus, Trohimovich cannot now argue the judgment is invalid based on conflicting dates. Accordingly, we also affirm the district court's denial of Trohimovich's motion to vacate judgment.
 
 
 9
 Trohimovich's complaint is barred by the Clark injunction. Therefore, the district court did not err by dismissing it.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, to the extent Trohimovich requests oral argument, the request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Court records indicate that this court dismissed the appeal without reaching the merits
 
 
 [2]
 In addition, all pending motions are denied