995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re MARATHON HOME LOANS FEDERAL SECURITIES LITIGATION.
Ernest MOENCH, et al., Plaintiff,
Hill, Schwartz, Stenson, A Law Corporation, Appellant,
v.
METRO HOME LOANS, et al., Defendants,
Arthur Young & Co., Defendant-Appellee.
 No. 92-15335.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1993.
Decided June 3, 1993.
 
 Before REINHARDT, TROTT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hill, Schwartz, Stenson appeals the district court's award of Rule 11 sanctions in connection with an amended complaint which named Arthur Young as a defendant. We have jurisdiction,[1] 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * A district court's rulings on Rule 11 are reviewed for abuse of discretion. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1365-66 (9th Cir.1990) (en banc). "[A]n attorney violates Rule 11 whenever he signs a pleading, motion, or other paper without having conducted a reasonable inquiry into whether his paper is frivolous, legally unreasonable, or without factual foundation." Unioil, Inc. v. E.F. Hutton & Co., Inc., 809 F.2d 548, 557 (9th Cir.1986) (emphasis original) (citing Zaldivar v. City of Los Angeles, 780 F.2d 823, 830-31 (9th Cir.1986)), cert. denied, 484 U.S. 822 (1987). The duty to conduct a reasonable inquiry is a personal, nondelegable duty. Pavelic & LeFlore v. Marvel Group, 493 U.S. 120 (1989).[2]
 
 
 4
 * Hill, Schwartz, Stenson argues that they cannot be in violation of Rule 11 since Rule 11 sanctions were not imposed on Banning counsel who filed a similar complaint. Though under Unioil one attorney may rely on other attorneys in conducting an inquiry, the signing attorney "must acquire[ ] knowledge of facts sufficient to enable him to certify that the paper is well-grounded in fact." Unioil, 809 F.2d at 558 (citations omitted). Moench counsel did not. Michael Guta, who signed the Moench pleading, reviewed the Benning complaint and an auditing textbook, and spoke with Frank Murphy, a CPA with the State Department of Consumer Affairs, before filing the amended complaint naming Arthur Young as a defendant. According to Murphy, Guta never asked his advice whether Arthur Young violated any laws or should be sued, but only asked about the general obligations Arthur Young may have in preparing financial statements for Marathon Home Loans. Guta's declaration, which is the only evidence proffered by Hill, Schwartz, Stenson, does not indicate that any consultation occurred between the Hill firm and Benning counsel and provides no basis for concluding that Guta personally satisfied himself that naming Arthur Young was well-grounded in fact. Therefore, the district court did not abuse its discretion in finding that the limited research that Guta undertook was insufficient to satisfy Rule 11.
 
 B
 
 5
 Hill, Schwartz, Stenson also argues that because the district court found that the Benning complaint was not baseless, the Moench complaint (which was essentially identical) could not be baseless either. This misapprehends what the district court did, however. First, the court dismissed the claims of each party against Arthur Young.[3] Thus, the district court found that both the Moench and Benning complaints lacked merit. Second, the district court did not refuse to award Rule 11 sanctions against counsel in Benning because the Benning complaint was not baseless; rather, the court held that despite its factual errors, the Benning complaint was supported by a reasonable prefiling inquiry.[4]
 
 
 6
 In so holding, the district court noted that Benning counsel said they had spent more than 200 hours investigating their complaint, though how much of it had been devoted to the claims against Arthur Young was unclear, and had requested discovery of Arthur Young's involvement with Marathon Home Loans which had not been provided. It then found with respect to the Benning attorneys:
 
 
 7
 The Court finds that, in light of all the circumstances, the Benning attorneys' prefiling inquiry was reasonable. In January 1989, a reasonable plaintiffs' attorney could have believed that Arthur Young's actions could render it liable to Marathon's investors. Marathon's promotional materials state that Marathon chose Arthur Young as its "CPA firm" "because of their excellent specialists in many different categories within the tax field. When we have a question--they have an answer." ... [A] Marathon employee told Mr. Maher [a Benning attorney] that Arthur Young representatives were on Marathon's premises for accounting purposes at least monthly ... Finally, [Benning] counsel's experience in an earlier case ... supported [Benning counsel's] belief that Marathon had retained Arthur Young to lend credibility to its investment program. The Court, therefore, finds that the Benning attorneys, Philip Maher and Leiff, Cabraser & Heimann, conducted a reasonable inquiry into their clients' claims against Arthur Young before they filed their first amended complaint.
 
 
 8
 The Ninth Circuit is reluctant to impose sanctions for factual errors, especially errors in papers filed before an opportunity for discovery, if the litigant has conducted a reasonable inquiry into the facts. [citing Greenberg.] Accordingly, the Court does not impose Rule 11 sanctions on the Benning counsel for the filing of the first amendment complaint.
 
 
 9
 Hill, Schwartz, Stenson urges that the court's finding that "[i]n January 1989, a reasonable plaintiffs' attorney could have believed that Arthur Young's actions could render it liable to Marathon's investors" applies to them. We disagree. The court made this observation in the section of its order pertaining to the Benning attorneys' prefiling inquiry. Read in context, the district court was simply saying that a reasonable attorney might have believed from the fact that Arthur Young provided some services on Marathon's bank accounts, that it could be liable, but that Benning counsel undertook a number of other steps--including discovery--to gain a factual basis for their allegations that it was liable before filing their pleading. The court then separately discussed the Moench attorneys' conduct, and found that having sued Arthur Young based primarily on information found in the Benning first amended complaint was insufficient to discharge their duty under Rule 11. We see no abuse of discretion in the district court's conclusion that the Moench attorneys could not piggyback on the Benning complaint consistent with their Rule 11 responsibilities. Whereas factual errors in the Benning complaint could be excused because of Benning counsel's adequate, albeit inaccurate, prefiling inquiry, the lack of a factual basis for the Moench allegations need not be excused since there was no meaningful prefiling inquiry. See Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir.1987) (excusing factual errors and denying sanctions since attorneys conducted a reasonable inquiry).
 
 
 10
 As we have held, Rule 11 imposes the obligation, at the time of certification, of personal knowledge that the paper is well-grounded in fact--not the opportunity to gamble on the certification of some other lawyer that at the time he or she signed the pleading, it was well-grounded in facts known to that lawyer. Accordingly, the district court did not abuse its discretion in concluding that Hill, Schwartz, Stenson violated Rule 11.
 
 
 11
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 12
 "Frivolousness" is the only basis for awarding Rule 11 sanctions in relation to a complaint. Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). A pleading is "frivolous" if, applying an objective standard, it "is both baseless and made without a reasonable and competent inquiry." Id. (emphasis added). Sanctions are inappropriate absent a determination that a complaint is objectively baseless.
 
 
 13
 Here, the district court failed to make any express finding of baselessness. Moreover, the district court did state, in relation to the similar Benning complaint, that "a reasonable plaintiffs' attorney could have believed that Arthur Young's actions could render it liable to Marathon's investors." The district court further found that the Benning plaintiffs had "a good-faith argument for extension or modification of existing law." Because we employ an objective standard in evaluating both prongs of the "frivolousness" test, these findings, made in relation to the Benning action, apply with equal force to the virtually indistinguishable complaint filed by Hill, Schwartz. The district court's findings with respect to Benning necessitate the conclusion that the complaint filed in both cases was not objectively "baseless."
 
 
 14
 Since the complaint was not baseless, the district court erred in imposing Rule 11 sanctions. I respectfully dissent.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even though the notice of appeal was filed over four months after the district court's order, we have jurisdiction. The district court did not comply with the separate judgment requirement of Fed.R.Civ.P. 58, which requires that a judgment be set on a separate document than an order. The time for filing a notice of appeal begins running on the date the district court's separate judgment is filed. Since there was no separate judgment, the deadline for filing a notice of appeal never began running. Therefore, this appeal is timely. See Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978); McCalden v. California Library Ass'n, 955 F.2d 1214, 1218 n. 2 (9th Cir.1990), cert. denied, 112 S.Ct. 2306 (1992)
 
 
 [2]
 In Pavelic the Supreme Court held that an individual attorney, not the attorney's law firm, is subject to Rule 11 sanctions. 493 U.S. at 123-27. Here, contrary to Pavelic, the district court imposed sanctions against Hill, Schwartz, Stenson. No one appeals this issue, however, so it is waived. See Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2452 n. 1 (1990)
 
 
 [3]
 The court gave the Moench plaintiffs leave to file another amended complaint and produce evidence in support of their allegations and in opposition to Arthur Young's motion for summary judgment. Instead, they applied for voluntary dismissal. In its ruling on the pleadings, the district court stated that the plaintiffs had "disregarded the absence of any connection between Arthur Young and Metro Home Loans, while at the same time pleading claims against Arthur Young arising out of the investments made with Metro. These deficiencies create the obvious implication that Arthur Young was named solely as a deep pocket defendant without regard to its liability."
 
 
 [4]
 The court also held that the Benning plaintiffs supported their opposition to Arthur Young's summary judgment with a good-faith argument for the extension or modification of existing law. This aspect of Rule 11 is not at issue in this appeal