142 F.3d 442
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CALIFORNIA OFFSET PRINTERS, INC., Plaintiff-Appellant,
v.
HAMPTON INTERNATIONAL COMMUNICATIONS, INC., dba Hampton
Int'l; Lee M. Oser, Jr., Defendants-Appellees.
 No. 97-55664.
D.C. No. CV-89-07405-TJH.
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted April 6, 1998.
Decided April 15, 1998.
 
 Appeal from the United States District Court Central District of California Terry J. Hatter, Jr., District Judge, Presiding.
 Before FARRIS, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California Offset Printers appeals the district court's amended findings of fact and conclusions of law. California Offset argues that the court abused its discretion: (1) in entering the amended order three-and-a-half years after the time of trial; and (2) by failing to file a new judgment after entering the amended findings. It also argues that: (1) the findings of fact were not supported by the evidence; and (2) the legal conclusions were incorrect as a matter of law.
 
 
 3
 Unlike the initial findings that were the basis for the appeal, the court's amended findings were drafted by the court itself after a review of the trial transcript. We cannot conclude that the court committed clear error in finding that Hampton International's witnesses on the key issues of delay and warning were credible. We therefore will not disturb the findings. Gibbs v. Pierce County Law Enforcement Support, 785 F.2d 1396, 1402 (9th Cir.1986) (discussing the trial court's role in assessing credibility).
 
 
 4
 Further, the district court did not err in finding that California Offset materially breached a non-severable agreement to provide papers to the convention. Superior Motels, Inc. v. Rinn Motor Hotels, Inc., 195 Cal.App.3d 1032, 1051, 241 Cal.Rptr. 487 (1987); Keene v. Harling, 61 Cal.2d 318, 320, 38 Cal.Rptr. 513, 392 P.2d 273 (1964). Neither the delay in entering the findings nor the failure to file a new judgment constitutes grounds for reversal. Phonetele, Inc. v. AT & T Co., 889 F.2d 224, 232 (9th Cir.1989)(delay of approximately four years); Bankers Trust Co. v. Mallis, 435 U.S. 381, 385, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978)(per curiam).
 
 
 5
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3