Ulrich E. KELLER; Corina Fernandez; Henry C. "Budd" Sanford; Julia K. Keefe; Kenneth Diefenderfer; Patricia A. Wright; Rachel Grannis; Aleida L. Lund; Thomas Aquinas Salmon; Linda Owen, Norma J. Uehrke; Jane Gover–Smith; Donna Lee Herold; Alfred C. Barrow; Margaret Lucero; Cynthia Marie Mulligan; Alicia Debacker, individuals, Plaintiffs—Appellants,

v.

LOS OSOS COMMUNITY SERVICES DISTRICT, a local government entity, Defendant—Appellee.

No. 01–56934.

D.C. No. CV–01–05889–TJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2002.

Decided April 30, 2002.

Before KOZINSKI and GOULD, Circuit Judges, and BREYER, District Judge.*

### MEMORANDUM **

Plaintiffs–Appellants ("Appellants") are residents of Los Osos who brought suit to enjoin defendant Los Osos Community Services District ("LOCSD") from installing a sewer system within a specified Prohibition Zone, in which appellants reside. The district court granted LOCSD's motion to dismiss under Fed.R.Civ.P. 12(b)(6), but the district court did not otherwise specify the reasons for dismissal. Because the parties are familiar with the facts and procedural history, we do not

---

* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

restate them here except as necessary to explain our disposition.

Appellee LOCSD argues that the appeal from the district court's dismissal was filed late and that we lack jurisdiction to hear this appeal. A separate judgment under Fed.R.Civ.P. 58 was never entered, and the thirty-day clock under Fed. R.App. P. 4(a) to file an appeal never began to run. The appeal is timely, appellant has not objected to lack of the separate judgment, and we may hear the appeal despite the absence of a separate, final judgment. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385–88, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

 Appellants claim violations of procedural due process because of asserted conflicts of interest by Board members of the LOCSD. To establish a § 1983 claim for procedural due process violations, the plaintiff must show that no pre- or post-deprivation remedy exists in the state courts. *See Zinermon v. Burch*, 494 U.S. 113, 126, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). This is because the wrong is the deprivation of procedure *without due process;* the wrong occurs only if the state provides no remedy to redress a procedural violation. *See Zinermon*, 494 U.S. at 125–26, 110 S.Ct. 975. But assuming some procedural error affected appellants' interests, adequate state remedies exist for redress, and appellants have not shown that state remedies are unavailable.[1]

 Appellants bring two claims asserting denial of substantive due process. To sustain a claim for violation of substantive due process, government action must: (1) interfere "with rights implicit in the concept of ordered liberty," *United States v. Salerno*, 481 U.S. 739, 746, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (internal quotation marks omitted); (2) "shock[] the conscience," *Rochin v. California*, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952); or (3) be "arbitrary in the constitutional sense," *Collins v. City of Harker Heights*, 503 U.S. 115, 129, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).

Appellants have not alleged a substantive due process violation. Appellants have not shown that the government has infringed any of their fundamental rights or their protected property or liberty rights. There is no recognized fundamental right to live free of governmental regulation, to use septic tanks, or to have access to cheap sewers. Assessing the costs of sewer construction onto those properties that will receive sewer hook-ups is not arbitrary government action; addition of sewer systems is a commonplace governmental function. It does not shock the conscience for government to make a decision that certain areas and not others require new sewage facilities. It does not shock the conscience that a local government might rely on a regional water quality control board to draw a Prohibition Zone that does not affect everyone within the local government boundary, based on the governing body's perceptions of needs. This is so even if those within the Prohibition Zone assert that they cannot afford the assessments and will be forced to sell their property and move elsewhere. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846–50, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (describing the "shocks the conscience" test).

Also, the types of purported conflicts of interest on the LOCSD Board alleged by

---

1. We express no view on the merits of any request in a state court for a state remedy.

appellants and the alleged procedural and state law violations by LOCSD do not rise to the level of egregiousness or arbitrariness needed to claim a violation of the Due Process Clause. *See id.*

■ Appellants also assert an Eighth Amendment violation. The Eighth Amendment prohibits the imposition of excessive fines and the infliction of cruel and unusual punishment. The Eighth Amendment has been held to apply to prohibit excessive punitive damages. *See BMW of N. America, Inc. v. Gore,* 517 U.S. 559, 585–86, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). But the sewer assessments at issue are not punitive damages and do not otherwise come under the purview of the Eighth Amendment.

■ Finally, appellants argue that District Judge Hatter should have been disqualified because of alleged ex parte contacts with the defendant. The district court did not abuse its discretion in ruling that the minimal contact on an administrative matter did not meet the standard of "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986) (internal quotation marks omitted).

AFFIRMED.