## In re CONSOLIDATED INDUSTRIES CORP., Debtor.

### Enodis Corporation, Appellant,

### v.

### Employer Insurance Of Wausau, A Mutual Company, Appellee.

#### No. 4:02cv0020AS.

United States District Court,
N.D. Indiana,
Hammond Division.

June 5, 2002.

gether and were intended "to run the same course." (Hrg. on Mot. to Convert, Aug. 8, 2001).

John R. Burns, III, Baker and Daniels, Fort Wayne, IN, J. Joseph Bainton, John G. McCarthy, Bainton, McCarthy & Siegel LLC, New York City, for appellant.

Mark A. Warsco, Cassandra L. Writz, Rothberg, Logan & Warsco LLP, Fort Wayne, IN, for appellee.

Gordon E. Gouveia, Gouveia and Miller, Merrillville, IN, Daniel L. Freeland, Daniel L. Freeland & Associates PC, Highland, IN, for debtor.

## MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This matter is before the court on the Appellee's, Employers Insurance of Wausau, motion to dismiss the appeal for lack of jurisdiction. This court has jurisdiction pursuant to 28 U.S.C. § 158(a).

### I. BACKGROUND

On March 15, 2002, the Bankruptcy Court prepared and signed a written order dismissing adversary proceeding No. 01–4084. That written order was intended to reflect Judge Grant's oral opinion that was delivered on March 13, 2002. However, the Clerk of the Bankruptcy Court failed to issue a final judgment pursuant to Bankruptcy Rule 9021.

Concerned about its ability to appeal that order, Enodis filed its notice of appeal on March 28, 2002 with the Bankruptcy Court. On April 5, 2002, Employers filed a motion to dismiss the appeal with the Bankruptcy Court. On April 12, 2002, Enodis responded requesting the Clerk of the Bankruptcy Court to enter a final judgment in the matter. The Bankruptcy Court declined to entertain either motion citing that it no longer had authority over the instant action.

Employers now asserts to this court that the instant appeal should be dismissed for lack of jurisdiction. The motion is premised upon Employers' assertion that the notice of appeal was not filed within the ten(10)-day period required under Bankruptcy Rule 8006. Enodis maintains that either that appeal is timely because a judgment has not yet been entered pursuant to Rule 9021 or in the alternative that an extension of time to file the appeal should be granted because it has shown "excusable neglect."

## II. DISCUSSION

Bankruptcy Rule 9021 provides in relevant part: "Every judgment entered in an *adversary proceeding ... shall* be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003." (emphasis supplied). The primary purpose of the rule, which is derived from Rule 58 of the Federal Rules, is to provide the parties with notice of the applicable time periods for filing an appeal of a bankruptcy court's decision. See generally *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (stating that the "sole purpose" of the separate entry of judgment requirement in Fed.R.Civ.P. 58 is to clarify when the time for appeal begins to run); *Otis v. City of Chicago,* 29 F.3d 1159 (7th Cir. 1994) (en banc). This purpose becomes more important in the appeal of a bankruptcy matter given the relatively short time that a party to such a proceeding is given to appeal a final order. *In re Schimmels,* 85 F.3d 416, 421 (9th Cir. 1996).

*In re Ozark Restaurant Equipment Co., Inc.,* 761 F.2d 481 (8th Cir.1985) addressed the same issue presented here. In *Ozark,* the district court had dismissed the appeal in light of the appellants' failure to timely file their notice of appeal. 761 F.2d at 482. The court in addressing the requirements of Bankruptcy Rule 9021 explained that the "lack of a separate document prevents appellants' appeal from being time barred." *Id.* at 484. In reaching this conclusion, the Eighth Circuit relied heavily upon this circuit's decision in *Parisie v. Greer,* 705 F.2d 882, 891 (7th Cir.1983) (en banc), *cert denied,* 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 261 (1983)(finding "it is conceptually impossible for the appeal to be time barred because the clock never started running."). *Parisie* specifically noted that "a court confronted with such a situation may consider the technically premature appeal on the merits without the necessity of a formalistic remand." 705 F.2d at 890. However, the court is inclined to agree with the decision in *Ozark* that the better course is for this case to be remanded to the Bankruptcy Court for entry of judgment on a separate document in accordance with the bankruptcy rules without prejudice to the taking of a timely appeal to this court upon the entry of such judgment. See *In re Ozark Restaurant Equipment Co., Inc.,* 761 F.2d at 484.

## III. CONCLUSION

Therefore, this matter is **REMANDED** to the Bankruptcy Court for entry of judgment on a separate document in accordance with Bankruptcy Rule 9021 without prejudice to the taking of a timely appeal to this court upon entry of judgment. **IT IS SO ORDERED.**