**Richard E. BUCKLEY, Plaintiff—Appellant,**

v.

**Lucille G. MEIS, Regional Chief Counsel, Office of General Counsel, Seattle, Region X, Social Security Administration; et al., Defendants—Appellees,**

**and**

**Randolph W. Gaines, Deputy Chief Counsel, Office of the General Counsel, Social Security Administration; et al., Defendants.**

No. 03–35003.

D.C. No. CV–02–02051–TSZ.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted June 20, 2003.*

Decided Sept. 23, 2003.

Richard E. Buckley, Seattle, WA, pro se.

Marion J. Mittet, Seattle, WA, for Defendants–Appellees.

Before CHOY, SNEED, and SKOPIL, Circuit Judges.

## MEMORANDUM**

Pro se plaintiff-appellant Richard Buckley appeals the district court's dismissal of his claims under 42 U.S.C. § 1983, Title VII of the Civil Rights Act, and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). On appeal, Buckley argues that his claims should not have been dismissed because: 1) it is possible to raise § 1983 claims against the federal government; 2) he substantially complied with the presentment requirements of Title VII; and 3) the Civil Service Reform Act ("CSRA") does not prevent him from bringing a *Bivens* claim. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm.

### I.   Constitutional Claims

█  The dismissal of a § 1983 claim under Fed.R.Civ.P. 12(b)(6) is reviewed de

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Appellant's request for oral argument, dated June 28, 2003, is therefore denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The lack of a final judgment in this case is not a jurisdictional defect because the judgment was apparently inadvertently not entered and the district court decided all of the issues. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 385–86, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

novo. *See Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir.2003). Buckley apparently argues that, despite the general rule that § 1983 does not apply to federal officials, this court may still hold that he properly stated a claim under § 1983. This argument fails because this court's case law clearly establishes that a § 1983 action is not available to redress actions taken under color of federal law. *See, e.g., Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.,* 302 F.3d 985, 997 (9th Cir.2002) (citing *Billings v. United States,* 57 F.3d 797, 801 (9th Cir.1995)), *cert. granted* —— U.S. ——, 123 S.Ct. 2215, 155 L.Ed.2d 1104 (2003). The district court did not err in dismissing Buckley's § 1983 claims.

## II.  Title VII Claims

■ The district court dismissed Buckley's Title VII claims on the ground that he failed to exhaust his administrative remedies because he filed his civil complaint before 180 days elapsed from the filing of his complaint with the Equal Employment Opportunities Commission ("EEOC"). We review the district court's dismissal of a Title VII claim for failure to exhaust administrative remedies de novo. *See Vinieratos v. United States Dep't of Air Force,* 939 F.2d 762, 768 (9th Cir. 1991). Buckley argues that the district court erred in dismissing the claims because, under *Sommatino v. United States,* 255 F.3d 704, 708 (9th Cir.2001), substantial compliance is sufficient to satisfy the time requirements of 42 U.S.C. § 2000e– 16(c). Even assuming *Sommatino* applies here, Buckley did not substantially comply with the time requirements by waiting only two days after his administrative filing to file this action in federal court. *See Sommatino,* 255 F.3d at 708 ("abandonment or failure to cooperate in the administrative process prevents exhaustion and precludes judicial review").

Buckley also argues that, because the 180–day period elapsed during the pendency of this case, the exhaustion issue is moot. However, the subsequent passage of the 180–day period does not excuse his failure to exhaust his administrative remedies; the complaint must still be dismissed. *See Rivera v. United States Postal Serv.,* 830 F.2d 1037, 1039 (9th Cir. 1987). The district court did not err in dismissing Buckley's Title VII claims.

## III.  *Bivens* Claims

■ The district court dismissed Buckley's *Bivens* claims on the ground that they are precluded by the CSRA. The district court's dismissal of a claim based on CSRA preclusion is reviewed de novo. *See Orsay v. United States Dep't of Justice,* 289 F.3d 1125, 1128 (9th Cir.2002). Buckley contends that preclusion does not apply in this case because the CSRA does not provide him an adequate remedy. However, even assuming, *arguendo,* that this is true, the inadequacy of the statutory remedy is irrelevant to the issue of preclusion. *See id.* at 1128–29. Because the alleged unconstitutional conduct falls within the scope of the CSRA, the district court lacked jurisdiction to hear the *Bivens* claims based on that conduct. *See Saul v. United States,* 928 F.2d 829, 835– 39 (9th Cir.1991). Therefore, the district court did not err in dismissing Buckley's *Bivens* claims.

Any other argument not specifically addressed herein is deemed to be without merit.

AFFIRMED.