**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-7852**

———————

LEON STEVENSON,

Petitioner - Appellant,

versus

PHOEBE JOHNSON, Warden of Perry Correctional
Institution; CHARLES M. CONDON, Attorney
General of South Carolina,

Respondents - Appellees.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston. C. Weston Houck, Senior District
Judge. (CA-99-2779-2-12)

———————

Submitted: May 28, 2004          Decided: August 13, 2004

———————

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Leon Stevenson, Appellant Pro Se. Jeffrey Alan Jacobs, OFFICE OF
THE ATTORNEY GENERAL, Columbia, South Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Leon Stevenson seeks to appeal[*] the district court's order denying relief on his petition filed under 28 U.S.C. § 2254 (2000). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court also are debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Stevenson has not made the requisite showing.

First, Stevenson's argument that his state court convictions violate double jeopardy has been previously rejected by this court, Stevenson v. Johnson, No. 01-7572 (4th Cir. Mar. 27, 2003) (unpublished) (reversing district court's grant of habeas

_____

[*]Stevenson's notice of appeal was not timely filed. Contrary to the requirements of Fed. R. Civ. P. 58, however, the district court never entered its judgment in a separate document. As a result, the time limit for noting an appeal never began to run. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 384-85 (1978). We accordingly deem the appeal timely.

- 2 -

petition), and that ruling is now the law of the case. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-16 (1988); United States v. Bell, 5 F.3d 64, 66-67 (4th Cir. 1993). Second, Stevenson's claim that he received ineffective assistance of counsel in his prior appeal to this court fails as he is not entitled to such representation in a collateral adjudication. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Accordingly, we deny a certificate of appealability and dismiss the appeal. We also deny Stevenson's motions to proceed in forma pauperis and for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED