

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-12-2006

# Eakle v. Palakovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2803

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Eakle v. Palakovich" (2006). *2006 Decisions.* Paper 329.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/329

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-363                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2803

———————

CHARLIE EAKLE,
                                    Appellant,

v.

SUPERINTENDENT JOHN A. PALAKOVICH;
CHAPLAIN DAVID BOWEN;
CHAPLAIN SHEHEN;
SGT. GROVE;
HEARING EXAMINER R. NORRIS;
GRIEVANCE COORD. LISA HOLLIBAUGH

———————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00007)
District Judge: Honorable John E. Jones III

———————

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 28, 2006

Before:    FUENTES, VANANTWERPEN AND CHAGARES, Circuit Judges.

(Filed: October 12, 2006)

———————

OPINION

———————

PER CURIAM

Appellant, Charlie Eakle, timely appeals from the District Court's March 21, 2006, Order granting defendants' Motion to for Summary Judgment.[1]

Eakle is an inmate formerly confined in the Smithfield State Correctional Institution. Alleging that his Rastafarian faith prohibits him from cutting his hair, he argues that by compelling him to do so, the prison violated his First Amendment right to religious free exercise. He seeks an injunction against enforcement of the prison's hair length restriction, permission to possess a prayer rug and religious necklace in the Restricted Housing Unit, and money damages under 42 U.S.C. § 1983. The District Court did not reach the merits of these claims because it found that Eakle had failed to exhaust available administrative remedies before filing suit.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and undertake plenary review of the District Court's grant of summary judgment. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is appropriate when there is no genuine issue of material fact to be resolved at trial and the moving party is entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(c). Before prisoners may bring suit regarding prison conditions, they must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). We have held that prisoners must exhaust all remedies

---

[1] The District Court's Order clearly evidenced the intent that it would be the final decision in this case; however, the Court did not comply with Fed. R. Civ. P. 58(a). Because of this, judgment had not yet entered when Eakle filed his notice of appeal on May 25, 2006, Fed. R. Civ. P. 58(b)(2)(B), and the appeal was timely despite being filed more than 60 days after entry of the Order. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 387-88 (1978).

2

properly and in compliance with the valid procedural requirements of the prison grievance system.  <u>See</u> <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004).

The District Court correctly concluded that Eakle's claims are barred because he failed to exhaust available administrative remedies.  Eakle did not appeal the denial of his requests for a prayer rug and religious necklace at all, and he procedurally defaulted on his appeal seeking a hair length exemption.   <u>See</u> <u>id.</u> at 231.  Pennsylvania permits prisoners to appeal adverse determinations by the local prison facilities manager to the Department of Corrections' Secretary's Office of Inmate Grievances and Appeals.  Rule DC-ADM 804, Part VI.D.  Such appeals must be accompanied by copies of the initial grievance, initial review, appeal to the prison facility manager, and facility manager's decision.  <u>Id.</u>  Eakle did not submit all of these documents in his initial appeal to the Secretary's Office.  The Office notified him of the deficiency on November 16, 2004, and gave him ten days to correct it.  He did not avail himself of this opportunity, and the Office dismissed his appeal on December 29 for failure to comply with applicable grievance procedures.  This clearly constituted procedural default.

Because this appeal lacks arguable merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).