10-2981-cv
Gowanus Indus. Park v. Arthur H. Sulzer Assocs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of August, two thousand eleven.

PRESENT: RALPH K. WINTER,
         BARRINGTON D. PARKER,
         DENNY CHIN,
                 Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -x

GOWANUS INDUSTRIAL PARK, INC.,
        Plaintiff-Appellant,

        -v.-                                  10-2981-cv

ARTHUR H. SULZER ASSOCIATES, INC.,
        Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      JOSEPH N. PAYKIN, Hinman, Howard &
                              Kattell, LLP, New York, New York.

FOR DEFENDANT-APPELLEE:       JAMES M. MALONEY, Law Office of
                              James M. Maloney, Port Washington,
                              New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

Plaintiff-appellant Gowanus Industrial Park, Inc. ("Gowanus") appeals from a judgment entered June 23, 2010 in the district court awarding defendant-appellee Arthur H. Sulzer Associates, Inc. ("AHS") $208,200 in damages on AHS's counterclaims. We assume the parties' familiarity with the facts, proceedings below, and issues presented on appeal.

On May 30, 2000, AHS leased a barge to CDS Marine Construction, LLC ("CDS") pursuant to a demise charter party.[1] In April 2003, CDS contracted with Gowanus to repair the latter's dock and bulkhead facilities, and brought the barge into Gowanus's waters. CDS failed to complete its repair services. In August 2003, CDS ceased operations and abandoned the barge at the work site, on Gowanus's property. In October 2003, CDS filed for bankruptcy, and was discharged in bankruptcy in July 2004.

On February 17, 2004, AHS contacted Gowanus by letter, informing Gowanus that it was the barge's actual owner and requesting the barge's return. Gowanus soon informed AHS that it would not relinquish it unless AHS reimbursed Gowanus for storage and maintenance of the barge. AHS refused. On October 27, 2005, AHS resorted to self-help and retrieved the barge from Gowanus's property.

---

[1] A "demise charter party" transfers "full possession and control" of the vessel to the charterer for the period of the contract, and the charterer is treated as the owner of the vessel for most purposes. See Thomas J. Schoenbaum, 2 Admiralty and Maritime Law § 11-1 (4th ed. 2004 & Supp. 2010).

In November 2005, Gowanus sued AHS in the Supreme Court of the State of New York, Kings County, asserting a maritime lien and other claims arising from its maintenance of the abandoned barge. In January 2006, AHS removed the action to the district court below. AHS counterclaimed for damages, and moved for summary judgment to dismiss Gowanus's complaint and for partial summary judgment on Gowanus's liability for the counterclaims.

On April 1, 2008, the district court (Johnson, J.) granted AHS's motion for summary judgment and dismissed the complaint. It also granted AHS's motion for partial summary judgment with respect to Gowanus's liability on the counterclaims, and referred the matter for an inquest on damages. On March 24, 2010, Magistrate Judge Orenstein awarded AHS $208,200 in damages on its counterclaims. On June 23, 2010, the district court (Matsumoto, J.) adopted Judge Orenstein's report and recommendation in its entirety. Judgment was entered on June 28, 2010, but the judgment referred only to Judge Matsumoto's June 23, 2010 decision regarding the counterclaims. Gowanus filed a notice of appeal, referencing only Judge Matsumoto's decision. Neither the judgment nor the notice of appeal referenced the dismissal of the complaint or Judge Johnson's decision granting summary judgment dismissing the complaint.

Several procedural issues are presented. First, although Gowanus's notice of appeal cites Judge Matsumoto's June 23, 2010 order, and not the final judgment, we may treat that notice of appeal as an appeal from the final judgment, see Krause v. Bennett, 887 F.2d 362, 367 n.2 (2d Cir. 1989), and we do so.

-3-

Second, although no separate final judgment, as required by Federal Rule of Civil Procedure 58(a), was ever entered dismissing Gowanus's complaint following Judge Johnson's grant of summary judgment, that failure does not defeat our jurisdiction, as it is plain that the entire action has been dismissed. Bouboulis v. Transp. Workers Union of Am., 442 F.3d 55, 60 (2d Cir. 2006) (citing Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978)). Third, although Gowanus makes a half-hearted attempt to challenge the dismissal of Gowanus's compensation claims for storing and maintaining the barge, devoting two sentences of its brief to this endeavor, it never filed a notice of appeal referencing the dismissal of its complaint or Judge Johnson's decision doing so. Hence, we do not have jurisdiction to review the dismissal of Gowanus's complaint. See Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order or part thereof being appealed."); New Phone Co. v. City of New York, 498 F.3d 127, 130 (2d Cir. 2007) ("[O]ur jurisdiction is limited by the wording of the notice [of appeal]. . . . While we may construe the rules liberally, we do not have the authority to waive the jurisdictional requirements of this rule.").

Turning to the merits, Gowanus challenges, inter alia, the district court's finding of liability on AHS's counterclaims and its award of damages to AHS. We review a district court's findings of fact for clear error, and its conclusions of law de novo. Bessemer Trust Co., N.A. v. Branin, 618 F.3d 76, 85 (2d

Cir. 2010). Upon our review of the record, we find it necessary to vacate and remand.

First, the record is unclear as to the legal basis for the determination that Gowanus was liable to AHS. In its counterclaims, AHS asserted only that it was "wrongfully deprived of hire" (Answer with Countercls. ¶¶ 39, 44), and that Gowanus "willful[ly] and unjustifiab[ly] refused" to return the barge (id. ¶ 43). The counterclaims did not specify the legal theory of liability. In its brief on appeal, AHS does little better, writing only that its counterclaims "arise in tort as opposed to contract." (Appellee Br. 6). AHS does not clearly articulate a theory of liability, such as conversion or quasi-contract or general maritime law. See Harrison v. Flota Mercante Grancolombiana, S.A., 577 F.2d 968, 977 (5th Cir. 1978) ("General maritime law incorporates the general law of torts when not inconsistent with the law of admiralty.").[2] The district court decisions likewise do not identify the legal basis for imposing liability on Gowanus. The district court granted AHS's motion for partial summary judgment on liability on the counterclaims merely because "[Gowanus] has presented no legal justification for withholding [AHS's] property," without citation to any legal authority. It is difficult for us to review for error when we are unsure of the legal basis for the imposition of liability.

---

[2] AHS does not explain, for example, on what basis it seeks to hold Gowanus liable for lost rental income when the barge was in fact already rented out to CDS pursuant to a demise charter, which, the relevant parties seem to assume, remained in effect through the relevant time period -- another issue as to which there is uncertainty.

Second, there is particular doubt with respect to the district court's award to AHS of $93,000 in damages on its first counterclaim for 311 days' lost rental income from April 23, 2003 until February 28, 2004. This period covered the time from when CDS brought the barge onto Gowanus's property until AHS appeared and notified Gowanus that it, in fact, owned the barge.[3] During this period, Gowanus was dealing exclusively with CDS, and there is nothing in the record to suggest that Gowanus knew that AHS was in the picture. The legal basis for holding Gowanus liable to AHS for the period when Gowanus was dealing only with CDS and was unaware of AHS's existence is not apparent to us, and neither the district court nor AHS has provided any legal basis for the imposition of such liability. Nor has AHS cited any legal authority to support the imposition of an affirmative duty upon a party to research the ownership of a vessel when the vessel is brought onto the party's property by another entity, when it had no reason at the time to do so. In other words, the district court should have considered the legal basis for imposing liability for the different periods of time separately.[4]

---

[3] AHS's first counterclaim alleged that it was entitled to damages for that 311-day period. (Answer with Countercls. ¶¶ 36, 39).

[4] Indeed, Judge Johnson's April 1, 2008 order granting AHS's motion for partial summary judgment does not differentiate among any of AHS's counterclaims before referring the case to Judge Orenstein for a recommendation as to the extent of the damages. Gowanus Indus. Park v. Arthur H. Sulzer Assocs., No. 06 Civ. 105 (SJ), 2008 WL 877203, at *6 (E.D.N.Y. Apr. 1, 2008).

-6-

Similarly, the district court awarded AHS $15,000 in damages for repairs to the barge on its third counterclaim, but this award apparently included damages for the full period of time in which the barge was "on Gowanus's property," <u>Gowanus Indus. Park v. Arthur H. Sulzer Assocs.</u>, No. 06 Civ. 105 (JO), 2010 WL 2594626, at *4 (E.D.N.Y. Mar. 24, 2010), or "in its custody or care," <u>Gowanus Indus. Park</u>, No. 06 Civ. 105 (KAM), 2010 WL 2594311, at *4 (E.D.N.Y. June 23, 2010).  It is unclear whether some of this repair work was for corrosion to the barge that developed during the 311-day period at issue in the first counterclaim, before Gowanus learned of AHS's involvement, or thereafter, and again the district court must analyze liability for the two time periods separately.

The judgment of the district court is hereby **VACATED** and the case is **REMANDED** for further proceedings not inconsistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

-7-