11-667-cv
Airgas Specialty Gases Inc. v. Kumar

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of March, two thousand twelve.

PRESENT:
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> > *Circuit Judges,*
> SIDNEY H. STEIN,*
> > *District Judge.*

_____

Airgas Specialty Gases Inc.,

> *Plaintiff-Appellee,*

> v.                                               11-667-cv

Shivesh Kumar,

> *Defendant-Appellant.*


_____


**FOR PLAINTIFF-APPELLEE:**        Lori B. Alexander, Jason R.
                                   Stanevich, Littler Mendelson,
                                   P.C., New Haven, Connecticut.

_____

*Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**     Shivesh Kumar, *pro se*, Cheshire, Connecticut.

Appeal from an order of the United States District Court for the District of Connecticut (Thompson, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Shivesh Kumar, proceeding *pro se*, appeals the district court's order granting the motion of Appellee Airgas Specialty Gases Inc. ("Airgas") to enforce a settlement agreement that the parties entered into in May 2010. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, although the district court did not enter a separate judgment in this case after issuing its order granting Airgas's motion, this Court nonetheless has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because the order clearly indicated the district court's intent that the order be the final decision in this case. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387-99 (1978).

In reviewing a district court's decision whether to

2

enforce a settlement agreement, we review its findings of fact with respect to the agreement for clear error and its legal conclusions *de novo*.  *See Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005).

Under Connecticut law, a contract is unambiguous where "its language is clear and conveys a definite and precise intent."  *Id.* (internal quotation marks and citation omitted).  If a contract does not define a given term, the court should "look to the plain meaning of the language to ascertain whether there is ambiguity" and may refer to "widespread custom or usage" to define the term.  *Lee v. BSB Greenwich Mortg. Ltd. P'ship*, 267 F.3d 172, 178  (2d Cir. 2001)(internal quotation marks and citation omitted).

Kumar argues on appeal that the district court erred in finding that Airgas had satisfied its obligation under the settlement agreement to change Kumar's record in its Human Resource Management System ("HRMS") to "reflect a voluntary quit as opposed to an involuntary termination" because the screen shot of Kumar's record provided by Airgas indicates that the reason for Kumar's termination was "Resignation-Other Position."  Kumar contends that "Resignation-Other Position" does not mean the same thing as "voluntary quit."  According to Kumar, the notation "Resignation-Other

3

Position" falsely indicates that he took another position in the same company (Airgas).

Kumar's argument is without merit. A "voluntary" act is one that is "performed, made, or given of one's free will," *Webster's Third New Int'l Dictionary Unabridged* 2564 (3d ed. 1961), and to "quit" means "to give up employment," *id.* at 1867. Thus, a voluntary quit means to "give up employment" "of one's free will." "Resignation" is defined as "[t]he act . . . of surrendering or relinquishing an office," *Black's Law Dictionary* 1336 (8th ed. 2004), and "quit" is a synonym of the verb "resign," *see Roget's Int'l Thesaurus* at entry 448.02 (6th ed. 2001).

Kumar has provided no support for his contention that "Resignation-Other Position" suggests a transfer within the same company, and in any event, interpreting the phrase in that manner is not inconsistent with a finding that he left his original position voluntarily. *See Omega Eng'g*, 432 F.3d at 446. Thus, the district court correctly held that Airgas had satisfied its obligation to modify Kumar's HRMS record to "reflect a voluntary quit" by changing the reason for Kumar's termination to "Resignation-Other Position."

Kumar also argues that the district court erred in finding that Airgas had provided Kumar with "proper

4

documentation" of its modification of Kumar's HRMS record because the screen shot provided by Airgas was allegedly "truncated," as evidenced by the location of the "scroll thumb" on the scroll bar in the screen shot. However, as Kumar has conceded, the settlement agreement merely requires Airgas to provide Kumar with "documentation" of the change, and does not mandate that the documentation be in a specific form. Therefore, the district court did not err in finding that Airgas's screen shot satisfied the terms of the settlement agreement. *See Lee*, 267 F.3d at 178.

We have considered all of Kumar's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

5