**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARIA TERESA ABREGO, individually and as Successor-in-Interest of Decedent Omar Abrego; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF LOS ANGELES; et al., <br><br> Defendants-Appellees. | No.    17-56860 <br><br> D.C. No. 2:15-cv-00039-BRO-JEM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted May 14, 2019**
Pasadena, California

Before:  NGUYEN and OWENS, Circuit Judges, and ANTOON,*** District Judge.

Plaintiffs appeal from the district court's order denying their motion to tax

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

costs as untimely under a local rule. As the parties are familiar with the facts, we do not recount them here. We affirm.

The district court determined that Plaintiffs' motion to tax costs was untimely under Local Rule 54-2.1 because it was filed several months after the court dismissed the case with prejudice pursuant to the parties' stipulation. At the time, Local Rule 54-2.1 provided that an application to tax costs must be filed "[w]ithin 14 days after the entry of judgment." C.D. Cal. Civ. R. 54-2.1 (2017). Here, pursuant to the parties' stipulation, the district court's dismissal order stated that "no judgment shall be entered." Plaintiffs argue that because technically there was no "entry of judgment," the 14-day deadline of Local Rule 54-2.1 was not triggered, and thus their motion to tax costs was timely.

However, given the parties' stipulation to voluntarily dismiss the case with prejudice and no entry of judgment, the district court did not err in construing the dismissal order as triggering Local Rule 54-2.1's deadline. *See Taylor Rental Corp. v. Oakley*, 764 F.2d 720, 721-22 (9th Cir. 1985) (holding that an appeal was untimely even though no separate document had been entered to trigger the time to appeal because the parties had stipulated that the district court need not enter a formal order).

As a result of the parties' stipulation, this case is distinguishable from *Radio Television Espanola S.A. v. New World Entertainment, Ltd.*, 183 F.3d 922, 929-32

(9th Cir. 1999), where we held that a district court erred by denying an application for costs as untimely under Local Rule 54-2.1 because a minute order granting summary judgment did not constitute "entry of judgment," and thus did not trigger the deadline to apply for costs.

**AFFIRMED**.