**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1504**

COLUMBIA GAS TRANSMISSION, LLC, d/b/a Columbia Pipeline Group, Inc.,

Plaintiff – Appellee,

v.

JANET MALIN HAAS; MELVIN LEROY HAAS,

Defendants – Appellants.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:14-cv-01147-TDC)

Submitted:  October 20, 2022                           Decided:  July 27, 2023

Before KING, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Bradshaw Rost, TENENBAUM & SAAS P.C., Chevy Chase, Maryland, for Appellants. Jonathan Y. Ellis, Raleigh, North Carolina, Michael S. Dingman, Brooks H. Spears, MCGUIREWOODS LLP, Tysons, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2017, Columbia Gas Transmission Company ("Columbia Gas," or simply "Columbia") sued Janet and Melvin Haas (the "Haases," or the "defendants") in the District of Maryland, seeking declaratory and injunctive relief regarding a pipeline easement that runs through property in the Old Line State where the Haases reside. More specifically, Columbia Gas sought a court order to compel removal of a Japanese red maple tree growing on the easement. After a three-day bench trial conducted in 2019, the district court entered judgment for the defendants and filed an explanatory opinion. *See Columbia Gas Transmission Co. v. Haas*, No. 8:17-cv-1147 (D.M.D. Aug. 21, 2019), ECF No. 110 (the "Memorandum Opinion"). On November 25, 2020, after Columbia had appealed the judgment, our Court affirmed.

Following the failure of Columbia Gas's appeal, the Haases moved the district court to impose Rule 11 sanctions against Columbia. According to the sanctions request, Columbia had filed its lawsuit against the Haases for an improper purpose, and the factual contentions made by Columbia lacked evidentiary support. By order of April 8, 2022, the court denied the Haases' motion for sanctions. *See Columbia Gas Transmission Co. v. Haas*, No. 8:17-cv-1147 (D.M.D. Apr. 8, 2022), ECF No. 151 (the "Sanctions Denial"). The Sanctions Denial gives rise to this second appeal, and the Haases argue that the court fatally abused its discretion in rendering that ruling. As explained below, we reject the appellate contentions of the Haases and affirm.

2

I.

A.

For context, we provide a brief recitation of the relevant facts. The Haases purchased their Maryland residence in 1975, knowing that it was subject to a 50-foot-wide pipeline easement owned by Columbia Gas. The easement gives Columbia the right to maintain the pipeline, which has operated continuously since 1955. In 1976, the Haases planted their Japanese red maple tree within the easement. The maple tree is the "centerpiece" of the Haases' front yard. *See* Memorandum Opinion 3. In October 2016, 40 years after the maple tree was planted, Columbia Gas informed the Haases that the tree had to be removed because it interfered with Columbia's ability to maintain its pipeline. When the Haases refused to allow the maple tree to be removed, Columbia filed suit, seeking judicial authorization to remove the tree.

In January 2018, Columbia Gas moved for summary judgment in its lawsuit. The district court denied the motion, however, explaining that Columbia's easement did not create a per se prohibition on trees or vegetation, and identifying factual disputes regarding whether the maple tree interfered with the pipeline's maintenance and operation. As a result, the court conducted a three-day bench trial in May 2019.

To prevail at trial, Columbia Gas was obliged to prove by a preponderance that the maple tree on the defendants' residential property unreasonably interfered with Columbia's ability to maintain and operate the pipeline. Columbia introduced evidence regarding protocols for pipeline testing and maintenance, expert opinions regarding the risks posed by tree roots to pipelines, the opinions of an arborist regarding root systems of Japanese

3

red maple trees, plus testimony regarding relevant measurements of the pipeline. The court also conducted a trial court view of the Haases' property and its maple tree.

By Memorandum Opinion in August 2019, the court declined to credit the evidence of Columbia Gas concerning the locations of key aspects of the pipeline, explaining that such evidence "lacked specificity and documentation and instead veered into sweeping conclusions." *See* Memorandum Opinion 17. The court also rejected the opinions of Columbia's pipeline safety expert as "inconsistent, imprecise, and ungrounded in reliable analysis." *Id.* at 6. The Memorandum Opinion thus ruled that the maple tree did not unreasonably interfere with Columbia's ability to maintain its pipeline.

Columbia Gas appealed the adverse judgment to our Court. We thereafter conducted an oral argument and affirmed the district court. *See Columbia Gas Transmission, LLC v. Haas,* 837 F. App'x 155, 163 (4th Cir. 2020).

B.

1.

In the post-appeal proceedings, the Haases reopened the case in the district court and moved for Rule 11 sanctions against Columbia Gas. Specifically, the Haases asserted that Columbia had filed its lawsuit for an improper purpose, in contravention of Federal Rule of Civil Procedure 11(b)(1), and that Columbia had pursued factual contentions that lacked evidentiary support, which is prohibited by Rule 11(b)(3).[1]

---

[1] As relevant here, Rule 11(b) provides that, by presenting a "pleading, written motion, or other paper" to a court, an attorney "certifies that to the best of [his] knowledge," the filing, inter alia, according to Rule 11(b)(1), "is not being presented for any improper (Continued)

4

a.

In support of their first assertion — that Columbia Gas had filed its lawsuit for an improper purpose — the defendants primarily relied on the affidavit of defendant Mr. Haas concerning a conversation he had with a Columbia Gas representative named Andrew Craig on August 30, 2019 (nine days after the court filed its Memorandum Opinion). Mr. Haas stated therein that Craig had asserted during that conversation that "as their representative, Columbia has asked me to contact you and your wife and tell you that what they did to you was wrong, and that they want to make you whole." *See* J.A. 1630a.[2] According to Mr. Haas, Craig then and there offered, on behalf of Columbia, to pay the Haases' attorneys' fees in the tree removal litigation. Based on that conversation, the Haases sought Rule 11(b)(1) sanctions.[3] In the alternative, they requested discovery to probe the intent behind Columbia's decision to file its lawsuit against the Haases.

b.

In support of their second assertion — that Columbia Gas had violated Rule 11(b)(3) by lacking evidentiary support for its positions — the Haases emphasized Columbia's trial

_____

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" and also provides that, pursuant to Rule 11(b)(3), "the factual contentions [therein] have evidentiary support" or will have support after a reasonable opportunity for discovery.

[2] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties to this appeal.

[3] Columbia Gas disputed the proposition that Craig had advised Mr. Haas that the litigation against the Haases "was wrong." In support, Columbia filed an affidavit of Craig disputing the account presented by Mr. Haas.

5

evidence and the findings made by the district court in its Memorandum Opinion. They maintained that "the [c]ourt's careful analysis demonstrated that Columbia failed to introduce *any* evidence specific to the Maple Tree that would have raised a bona fide disputed issue of fact for trial." *See* J.A. 1604a. The Haases argued that the witnesses for Columbia had testified solely on the basis of speculation and assumption — rather than on concrete measurements and data.

2.

On April 8, 2022, the district court filed its Sanctions Denial and rejected the Haases' Rule 11 sanctions motion. Addressing the Rule 11(b)(1) contention that Columbia Gas had filed the lawsuit for an improper purpose, the court concluded that "it is undisputed that Columbia's ultimate goal was the removal of the Maple Tree," which it pursued by initiating a "plausible legal claim." *See* Sanctions Denial 3. And the court ruled that Craig's comments to Haas failed to establish that the lawsuit had been filed for an improper purpose, in that "there is no evidence that Craig had any knowledge of the validity or invalidity of Columbia's legal arguments." *Id*.

Turning to the Rule 11(b)(3) contention that the factual claims pursued by Columbia lacked evidentiary support, the Sanctions Denial recited that, after presiding over the bench trial and ruling in favor of the Haases, "at no point did [the court] view Columbia's legal arguments to be frivolous or lacking in evidentiary support." *See* Sanctions Denial 2. In fact, the Sanctions Denial recounted that the court "found several of the factual issues to be close questions." *Id.*

6

C.

On May 3, 2022, the Haases noted this appeal from the entry of the Sanctions Denial. Although no issue of jurisdiction has been raised by a party, we are obliged to ascertain whether appellate jurisdiction exists. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). In that regard, we observe from the record that the district court failed to enter a separate judgment following the Sanctions Denial, even though such an entry is seemingly required by Federal Rule of Civil Procedure 58(a). The Supreme Court determined in 1978 that the strictures of Rule 58(a) may be waived, however, reasoning that "[i]f the only obstacle to appellate review is the failure of the District Court to set forth its judgment on a separate document, there would appear to be no point in obliging the appellant to undergo the formality of obtaining a formal judgment." *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978) (concluding that appeal from final decision can go forward in absence of separate judgment). In 2002, the Federal Rules of Appellate Procedure were amended to codify the *Mallis* principle, providing that a "failure to set forth a judgment or order on a separate document when required by [Rule] 58(a) does not affect the validity of an appeal from that judgment." *See* Fed. R. App. P. 4(a)(7)(B).

Consistent with the foregoing, the parties to this appeal have treated the Sanctions Denial as the final decision of the district court, and it would be pointless to now require the Haases to "undergo the formality of obtaining a formal judgment." *See Mallis*, 435 U.S. at 386. In these circumstances, we are satisfied to exercise final decision appellate jurisdiction under 28 U.S.C. § 1291. *See Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 150 (4th Cir. 2002).

## II.

We review a trial court's Rule 11 sanctions ruling for abuse of discretion. *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 145 (4th Cir. 2020). In doing so, we must assess whether the court's decision is "guided by erroneous legal principles or rests upon a clearly erroneous factual finding." *See Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006). In other words, we can reverse a denial of sanctions only "if we form a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached." *Id.*

## III.

On appeal, the Haases contend that the district court abused its discretion with respect to its Rule 11(b)(1) and Rule 11(b)(3) rulings. With respect to Rule 11(b)(1), the Haases contend that the court erred by concluding that the conversation between Mr. Haas and Craig about reimbursing the Haases for their litigation expenses failed to establish an improper purpose. And the defendants claim that the court should have at least ordered discovery to assess whether Craig's comments, as recited by Mr. Haas, reflected the position of Columbia Gas. Regarding Rule 11(b)(3), the Haases contend that Columbia's lack of reliable trial evidence demands an award of sanctions, and they argue that the court erred in ruling otherwise. The Haases also maintain that the Sanctions Denial does not contain a sufficient explanation of the court's Rule 11(b)(3) ruling to allow for meaningful appellate review, which was an abuse of its discretion.

8

A.

We first address the assertion that Columbia Gas filed its lawsuit for an improper purpose. Rule 11(b)(1) obligates an attorney making a court filing to recognize that he or she is certifying that the submission "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See* Fed. R. Civ. P. 11(b)(1). As a general rule, the "central purpose" of a lawsuit must be "to vindicate rights." *See In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990). Even "if a complaint is filed to vindicate rights in court, and also for some other purpose," sanctions are not appropriate unless the added purpose is "undertaken in bad faith and is . . . so excessive as to eliminate a proper purpose." *Id.* In assessing the propriety of filing a complaint to initiate a lawsuit, the court must evaluate the objective reasonableness — rather than the subjective intent — underlying the filing.

We begin by recognizing, as did the district court, that "Rule 11 governs the behavior of attorneys." *See* Sanctions Denial 3. There is no evidence that Columbia Gas's counsel believed he was filing the lawsuit with an improper purpose. Rather, the record reflects that the lawsuit against the Haases asserted a "plausible legal claim" to vindicate Columbia's perceived rights under the easement. *Id.* As the Sanctions Denial concluded, "this is not a case in which Columbia . . . could succeed in litigation only through harassment or outspending Defendants." *Id.* The statement of Craig that Columbia "was wrong" to file its complaint against the Haases does not negate the propriety of Columbia's lawsuit. Put simply, we are satisfied that the district court did not abuse its discretion in

9

rejecting the contention that the lawsuit was filed with an improper purpose, in contravention of Rule 11(b)(1).

B.

We next address the Haases' claim that Columbia Gas made factual assertions in its complaint that lacked evidentiary support. Rule 11(b)(3) provides that an attorney presenting a document to the district court is thereby certifying that "the factual contentions [therein] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." *See* Fed. R. Civ. P. 11(b)(3). Put succinctly, a party or a lawyer does not contravene Rule 11 merely because the judge does not agree with the allegations. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1377 (4th Cir. 1991). Rather, "[f]or Rule 11 purposes, the allegation merely must be supported by *some* evidence." *Id.* Sanctions are only warranted if an allegation has no factual basis. And we observe that — as to the adequacy of the court's explanations in the Sanctions Denial — "when the reasons for denying a colorable motion [for sanctions] are apparent from the record, the judge need not belabor the obvious." *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 146 (4th Cir. 2020). In such cases, "a short explanation of the district court's view of the issue will be sufficient." *Id.*

In this appeal, the district court's reasons for denying the Haases' motion for sanctions under Rule 11(b)(3) are fairly set forth in the Sanctions Denial, and they are apparent from the record as well. The court had conducted a thorough bench trial and filed a well-reasoned 41-page Memorandum Opinion, wherein it assessed the evidence and explained its rulings. Although the court deemed the evidence insufficient to support the

10

positions of Columbia Gas, its rejection of those positions is not a sufficient basis for Rule 11 sanctions.  Again, the court did not abuse its discretion in any respect.

## IV.

Pursuant to the foregoing, we are satisfied to reject the contentions of the defendants and affirm the Sanctions Denial.  We dispense with oral argument because the facts and legal contentions have been adequately presented and argument would not aid our decisional process.

*AFFIRMED*

11